ACCEPTED
06-15-00051-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/1/2015 10:38:57 AM
DEBBIE AUTREY
CLERK

## NO. 06-15-00051-CV

### IN THE SIXTH COURT OF APPEALS
### TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

12/1/2015 10:38:57 AM

DEBBIE AUTREY
Clerk

**MARY FLENTGE MCAULEY, WILLIE O. FLENTGE, JR., and CHARLES RAY FLENTGE**

*Appellants/Cross-Appellees*

*v.*

**CARL DEAN FLENTGE, INDEPENDENT EXECUTOR OF THE ESTATE OF LAVERNA FLENTGE, CARL DEAN FLENTGE, DAVID FLENTGE and DANIEL JUNEK, INDEPENDENT EXECUTOR OF THE ESTATE OF WILLIE OTTO FLENTGE, SR., INDIVIDUALLY , and as SHAREHOLDERS and on behalf of W.L. RANCH, INC.**

*Appellees/Cross-Appellants.*

**Appeal from Final Judgment in Cause No. 26, 704, 21st Judicial District of Burleson County, Texas. Hon. Carson Campbell, Presiding**

### BRIEF FOR CROSS-APPELLANTS

Wayne H. Paris
State Bar No. 15462000
Paris Law Group P.L.L.C.
State Bar No. 15462000
Two Riverway, Suite 1080
Houston, Texas 77056
Telephone: (713) 951-9100
Facsimile: (713) 961-3082
E-mail:waynehparis@yahoo.com
*ATTORNEY FOR CROSS-APPELLANTS*

**ORAL ARGUMENT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

A complete list of all parties to the trial court's judgment or order appealed from, and the names and address of all trial and appellate counsel are as follows:

**CROSS-APPELANTS AND APPELLEES:**

Carl Dean Flentge, Independent Executor of the Estate of LaVerna Flentge, individually, and as temporary shareholder and on behalf of W.L. Ranch, Inc.

Carl Dean Flentge, individually, and as shareholder and on behalf of W.L. Ranch, Inc.

David Flentge, individually, and as shareholder and on behalf of W.L. Ranch, Inc.

Daniel Junek, Independent Executor of the Estate of Willie Otto Flentge, Sr., individually, and as temporary shareholder and on behalf of W.L. Ranch, Inc.

**COUNSEL FOR CROSS-APPELANTS AND APPELLEES**

(Trial and Appellate)

Wayne H. Paris
State Bar No. 15462000
Paris Law Group P.L.L.C.
Two Riverway, Suite 1080
Houston, Texas 77056
Telephone:   (713) 951-9100
Facsimile:    (713) 961-3082
E-mail:waynehparis@yahoo.com

**COUNSEL FOR CARL DEAN FLENTGE, INDEPENDENT EXECUTOR OF THE ESTATE OF LAVERNA FLENTGE**

(Trial only)

Laura Upchurch
State Bar No. 00785131
207 East Main

P.O. Box 1808
Brenham, Texas 77834-1808
Telephone: (979) 836-5664
Facsimile: (979) 830-0913
Email: upchurch@moormantate.com

**COUNSEL FOR DANIEL JUNEK, INDEPENDENT EXECUTOR OF THE ESTATE OF WILLIE OTTO FLENTGE, SR.**
(Trial only)

Jeffrey M. Burns
State Bar No. 24054615
Burns & Reyes Burns, P.L.L.C.
17470 Highway 36 South
Somerville, Texas 77879
Telephone:  (979) 596-3424
Facsimile:  (979) 596-2837
E-mail:  Jeff@BRBlawfirm.com

**APPELLANTS AND CROSS-APPELLEES**

Mary Flentge McAuley
Willie O. Flentge, Jr.
Charles Ray Flentge

**COUNSEL FOR APPELLANTS AND CROSS-APPELLEES**
(Trial and Appellate)

Mr. J. Steven Stewart
State Bar No. 19210500
The Law Office of J. Steven Stewart
5353 W. Alabama
Suite 605
Houston, Texas 77056
Telephone: 713-977-3447
Facsimile: 832-201-9117
Email: jss@jstevenstewart.com

# TABLE OF CONTENTS

Page

IDENTITY OF PARTIES AND COUNSEL ........................................................ ii-iii

TABLE OF CONTENTS ................................................................................. iii-iv

INDEX OF AUTHORITIES ............................................................................ v-viii

STATEMENT OF THE CASE ........................................................................... 1

STATEMENT REGARDING ORAL ARGUMENT ............................................. 2

ISSUES PRESENTED .................................................................................... 2-3

    A. Whether or not there was sufficient evidence in the trial record to raise a fact issue that Cross-Appellees, Mary Flentge McAuley, Willie O. Flentge, Jr. and Charles Ray Flentge breached their fiduciary duties, while acting as officers and two (2) purported directors of W.L. Ranch, Inc.? ...................................... 2

    B. Whether or not there was sufficient evidence in the trial record to raise a fact issue that Cross-Appellees, Mary Flentge McAuley, Willie O. Flentge, Jr. and Charles Ray Flentge, obtained "benefits" as a result of their breach of fiduciary duties to W.L. Ranch, Inc., while acting as officers and two (2) purported directors of the corporation? ............................................................. 3

    C. Whether or not Cross-Appellants, individually, were entitled to and prevented from presenting a claim for statutory reimbursement and indemnity against W.L. Ranch, Inc., to be paid directly to Cross-Appellants, for attorney's fees and expenses they expended for a substantial benefit of W.L. Ranch, Inc. by the trial court's granting Cross-Appellees a directed verdict on Cross-Appellants' breach of fiduciary duty claim? ……………………………………3

STATEMENT OF FACTS ............................................................................... 3-12

SUMMARY OF THE ARGUMENT .....................................................................12-14

ARGUMENT ..........................................................................................................14-30

A. Standard of Review ...........................................................................................14-16

B. There is Sufficient Evidence in the Trial Record to Raise a Fact Issue on Cross-Appellees, Mary Flentge McAuley, Willie O. Flentge, Jr. and Charles Ray Flentge breach of their Fiduciary Duties while acting as Officers and two (2) purported Directors of W.L. Ranch, Inc. ....................................................16-24

C. There is Sufficient Evidence in the Trial Record to raise a fact Issue that Cross-Appellees, Mary Flentge McAuley, Willie O. Flentge, Jr. and Charles Ray Flentge obtained Benefits as a result of their Breach of Fiduciary Duties to W.L. Ranch, Inc., while acting as officers and two (2) purported Directors of W.L.Ranch, Inc. ...................................................................................................24-26

D. The Individual Cross-Appellants were entitled to present their claim for reimbursement of Attorney's Fees and Expenses statutorily under the Equitable Common Fund Doctrine to the Court for the Preservation of Corporate Property, which was prevented by the Trial Court's Grant of a Directed Verdict…....26-30

PRAYER ...............................................................................................................30-31

CERTIFICATE OF COMPLIANCE ...................................................................31

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

APPENDIX............................................................................................................33

v

# INDEX OF AUTHORITIES

## CASES

**Page**

*Archer v. Griffith*, 390 S.W. 2d 735, 739 (Tex. 1984) .......................................... 22

*Burrow v. Arce,* 977 S.W. 2d 229, 237 (Tex. 1999);.................................................17

*City of Dallas v. Arnett*, 762 S.W. 942, 954 (Tex. App.-Dallas 1998, writ denied)27

*City of Fort Worth v. Pippen*, 439 S.W. 2d 660, 665 (Tex. 1969) ...........................

*City of Keller v. Wilson*, 168 S.W. 3d 802, 827 (Tex. 2005).................................15

*Cliff v. Higgins*, 724 S.W. 2d 778, 778-79 (Tex. 1987)..........................................15

*Director, State Employees Workers' Comp. Div. v. Evans*, 889 S.W. 226, 268 (Tex. 1994). .....................................................................................................................15

*Fillion v. Troy*, 656 S.W. 2d 912, 914 (Tex.App.-Houston[1ˢᵗ Dist.] 1983, writ ref. r.r.e.)..................................................................................................................22

*General Dynamic v. Torres*, 915 S.W. 2d 45,49 (Tex. App.-El Paso 1995, writ denied); ...............................................................................................................18

*Graham Morg. Corp. v. Hull,* 307 S.W. 2d 472, 479 (Tex. App. – Dallas 2010, no pet.) ...................................................................................................................16

*Gun v. Schafer*, 683 S.W. 2d 803, 506 (Tex.App.-Corpus Christi 1984, no court) 22

*Home Loan Corp. v. Texas Am Title Co*., 191 S.W. 3d 728, 731 (Tex. App. – Houston [14ᵗʰ Dist.] 2006, pet. denied),...............................................................18

*Huie v. DeShazo*, 922 S.W. 2d 920, 927-28 (Tex, 1996) ........................................16

*Imperial Grp. V. Scholnick*, 709 S.W. 2d 358, 363 (Tex. App.- Tyler 1986, writ ref'd r.r.e.) ..........................................................................................................18

*In re Essex Inc.*, 450 S.W. 3d 524, 525-26(Tex. 2014). .........................................15

*In re TDFPS*, 210 S.W. 3d 609, 612 (Tex. 2006) ..................................................15

*International Bankers Life Ins. v. Holloway*, 368 S.W. 2d at 577..................... 17,18

*Keck, Mahin & Cate v. National Union Fire Insurance Company of Pittsburg,* 20 S.W. 3d 692, 699 (Tex. 2000) .........................................................................22

*Kelly v. Grimes* , 181 S.W. 3d 394, 414 (Tex. App. – Waco 2005) .......................16

*Kinzbach Tool Co. v. Corbett – Wallace Corp*., 160 S.W. 2d 509, 513-14(Tex. 1942); ................................................................................................. 16,17,18

*Knebel v. Capital Nat'l Bank*, 518 S.W. 2d 795, 798-99 (Tex. 1974); ............ 27,29

*Libhart v. Copeland*, 949 S.W. 2d 783, 803-04 (Tex.App.-Waco 1997,no writ)……………………………………………………………………….27,29

*Loy v. Hart*, 128 S.W. 3d 397, 408 (Tex. App. – Texarkana 2004 pet. denied)......18

*Martiz v. Preiss*, 121 S.W. 3d 715, 720 (Tex. 2003) ...............................................16

*Miller v. Miller*, 700 S.W. 2d 941, 945-46 (Tex. App. – Dallas , 1985, writ ref. r.r.e.) ........................................................................................................... 22

*Mills v. Angels*, 995 S.W. 2d 262, 267 (Tex. App.- Texarkana, 1999, no pet.) ......15

*Poe v. Hutchens*, 737 S.W. 2d 574, 584 (Tex. App. – Dallas 1987, writ ref r.r.e.).18

*Porterfield v. Brinegar*, 719 S.W. 2d 558,559 (Tex. 1986)......................................15

*Priddy v. Rawson*, 282 S.W. 3d 588, 599(Tex.App.- Houston [14th Dist.] 2009, pet. denied)..........................................................................................................16

*Rente Co. v. Truckers Express, Inc.*, 116 S.W. 3d 326,330 (Tex. App. – Houston [14th Dist.], 2003, no pet.);........................................................................15

*Reyna v. First Nat'l Bank*, 55 S.W. 3d 58,59 (Tex.App.-Corpus Christi 2001, no pet.) ...............................................................................................................15

*Ritchie v. Rupe, 443 S.W. 3d 856, 876 (Tex. 2014).* ................................................17

*Robertson v. Odom*, 296 S.W. 3d 151, 155(Tex. App.-Houston [14th Dist.] 2009, no pet.) ...............................................................................................................15

*Slay v. Burnett Trust*, 187 S.W. 2d 377, 387-88 (Tex.1945)....................................25

*Sorrell v. Elsey*, 748 S.W. 2d 584, 586 (Tex. App.-San Antonio 1988, writ denied)……………………………...………………………………………22

*Stephens County Museum, Inc. v. Swenson*, 517 S.W. 2d 257, 261. (Tex. 1974)...25

*Texas Bank & Trust Co. v. Moore*, 595 S.W. 2d 502,  509 (Tex. 1980) .................22

*Trahan v. Lone Star Title Co*., 247 S.W. 3d 269,287 (Tex. App. – El Paso 2007), pet. denied);........................................................................................................18

*Upchurch v. Albear*, 5 S.W. 3d 274, 283 (Tex. App.-Amarillo 1999, pet. denied) . ...........................................................................................................................16

*White v. Southwestern Bell Tel.Co*., 651 S.W. 2d 260, 262 (Tex. 1983); ...............15

## STATE STATUTES

**Texas Business Organizations Code:**

§4.007 .............................................................................................. 12-13

§4.008 .............................................................................................. 12-13

§20.002(c)(2) ................................................................................... 12,22

§21.052 ................................................................................................13

§21.055 ................................................................................................13

§21.551 ..................................................................................................1

§21.561(b)(1) ....................................................................... 14,26,27,28

§21.563(c)(1)(2)................................................................... 1,14,26,28

**Texas Civil Practice & Remedies Code:**

§37.004 ..................................................................................................1

§37.005 ..................................................................................................1

§37.009 ................................................................................................11

§65.011(1)(2)(3)(5) ..............................................................................1

## RULES

**Texas Rules of Appellate Procedure**

Rule 9.4(i)(3) ..................................................................................... 31

# STATEMENT OF THE CASE

Cross-Appellants' Statement of their case is as follows:

| | |
|---|---|
| Type of Proceeding: | Shareholder derivative suit brought by Cross-Appellants pursuant to §21.551 and § 21.563, *Tex.Bus.Org.Code*. Declaratory Judgment Action brought by Cross-Appellants pursuant to §37.004 and §37.005, *Tex.Civ.Prac.& Rem.Code*. Application for Injunctive Relief brought by Cross-Appellant, LaVerna Flentge, pursuant to §65.001,(1)(2)(3)(5)*Tex.Civ.Prac.&R em.Code* (C.R. 9-18, 240-251, 308-319) |
| Course of Proceeding: | Trial court granted partial declaratory summary judgments, except for attorney fees in favor of Cross-Appellants (C.R. 183)(S.Sup.C.R. 5,6, 7) Jury decided amount of attorney fees for prior declaratory summary judgments, February 6 2015 (C.R. 276,278;347-351) Trial court granted directed verdict on Cross-Appelants' claims for breach of fiduciary duties when Cross-Appellants' rested. (C.R. 267-269, 351) (C.R.R. Vol. 5, 1-8) |
| Trial Court's Disposition of the case: | Final Judgment (C.R. 279-282). Order denying Cross-Appelants' Motion for Partial New Trial (C.R. 299) |

1

## STATEMENT REGARDING ORAL ARGUMENT

Cross-Appelants believe that oral argument in this case is necessary to aid and assist the Court's decisional process regarding questions on their appeal relating to *benefits*, as opposed to damages occurring as a result of breach of fiduciary duties by Cross-Appellees in proving Cross-Appellant's claims (misunderstood by the trial court), the shifting of the burden of proof on same, potential statutory awards of attorney fees from W.L. Ranch, Inc. and statutory indemnity for contributors for the corporate action under the derivative statute, as well as an alleged restrictive By-Law covenant upon the testamentary transfer of shares in this family held corporation, W.L. Ranch, Inc. (which will be the subject of Appellees' Brief)

## ISSUES PRESENTED

Cross-Appellants' issues presented on their appeal are set out below. All of the following issues were brought to the attention of the trial court and are preserved for the Cross-Appellants' appeal in Cross-Appellants' motion for partial new trial (C.R. 283-292).

A. Whether or not there was sufficient evidence in the trial record to raise a fact issue that Cross-Appellees, Mary Flentge McAuley, Willie O. Flentge, Jr. and Charles Ray Flentge breached their fiduciary duties, while acting as officers and two (2) purported directors of W.L. Ranch, Inc.?

B. Whether or not there was sufficient evidence in the trial record to raise a fact

2

issue that Cross-Appellees, Mary Flentge McAuley, Willie O. Flentge, Jr. and Charles Ray Flentge, obtained "benefits" as a result of their breach of fiduciary duties to W.L. Ranch, Inc., while acting as officers and two (2) purported directors of the corporation?

C. Whether or not Cross-Appellants, individually, were entitled to and prevented from presenting a claim for statutory reimbursement and indemnity against W.L. Ranch, Inc., or to be paid directly to Cross-Appellants for attorney's fees and expenses they expended for a substantial benefit of W.L. Ranch, Inc., by the trial court's granting Cross-Appellees a directed verdict on Cross-Appellants' breach of fiduciary duty claim?

## STATEMENT OF FACTS

When three (3) minority shareholders in W.L. Ranch, Inc., a Texas family owned corporation, misappropriated corporate property, unilaterally increased their share ownership form 14% to 20%, shifted the management and registered agent of the corporation to themselves, and established a separate corporate bank account to capture corporate oil royalty revenues (the only substantial income of the corporation), in an attempted corporate takeover after the death on August 30, 2010 of Willie Otto Flentge, Sr., the corporate president and one of the two sole directors of the corporation, without disclosing their actions to remaining shareholders or board member and president LaVerna Flentge, the remaining four (4) majority

3

shareholders brought a shareholders derivative suit pursuant §21.551 and §21.563, *Tex. Bus.Org.Code* on November 4, 2011 (C.R. 9-18)[1]. On November 4, 2011 shareholder LaVerna Flentge, as widow of Willie Otto Flentge, Sr., and as the new president of the corporation and it's sole remaining director, sought and obtained a temporary restraining order to prevent further actions of these minority shareholders, Mary Flentge McAuley, Willie O. Flentge, Jr. and Charles Ray Flentge, in order to prevent further injury to the corporation W.L. Ranch, Inc., and her share ownership.(S.Sup. C.R. 8-9, 20-23, 28)(C.R.R. Vol. 8, Ex.2) The Cross-Appellants, as majority shareholders of W.L. Ranch, Inc., also sought a declaratory judgment in the suit asking the trial court to construe that no By-Law restriction of W.L. Ranch, Inc. prevented the testamentary transfer and vesting of Willie Otto Flentge's shares (100) of W.L. Ranch, Inc. under the Will of Willie Otto Flentge, Sr. to and in his widow (LaVerna Flentge), that increased her share ownership to 200 shares, as well as to declare an alleged board of directors meeting by the Cross-Appellees of November 20, 2010 invalid for lack proper notice and By-Law requirements (C.R. 13-14, 246-248). Cross-Appellants obtained a temporary restraining order, but before a temporary injunction hearing was held, the parties agreed to and the trial

---

[1] The family corporation W.L. Ranch, Inc. was formed in 1974. Seven hundred (700) shares were issued with the father (Willie Otto Flentge, Sr.) and mother (LaVerna Flentge) and five (5) children (Carl, Mary, Willie Jr., Charles Ray and David) all receiving one hundred (100) shares a piece (C.R.R. Vol.8, Ex. 5-7) All family members were officers in some capacity of the corporation at all relevant times.

4

court referred the case to mediation (S.Supp. C. R. 10-11). Agreements were reached in this initial mediation for the determination by the trial court on the declaratory judgment claim by cross-motions for partial summary judgments relating to the issue of testamentary transfer of stock, the deposit of oil royalty revenues (which had been halted by the actions of Cross-Appellees) into the registry of the court and an agreed injunction to prevent any of the parties to the case from temporarily conducting business for W.L. Ranch, Inc., until all issues were resolved. The trial court entered an order based upon the initial mediation agreement and the case proceeded (S.Sup.C.R.12-19). Cross-motions for declaratory summary judgments were filed by Cross-Appellants and Cross-Appellees on the testamentary transfer restriction issue. (C.R. 90-173,177-182). The trial court granted Cross-Appellants' motion by order and later clarification order (at Cross-Appellants 'request) on June 11, 2012 and August 31, 2012 (C.R. 183, 230-239)(S.Supp.C.R. 5)[2] LaVerna Flentge passed away during the course of the litigation in August 2012. A suggestion of death was filed on August 22, 2012 and LaVerna Flentge's duly appointed independent executor, Carl Dean Flentge, was substituted by amended pleading as a Plaintiff in the litigation (now Cross-Appellant) (S. Supp. C.R. 33,35). On February 25, 2013 the

---

[2] Cross-Appellants' appeal does not involve issues which will be or are raised by Appellants concerning By- Law restrictions upon testamentary transfers of shares upon the death of shareholders, Willie Otto Flentge, Sr. and later LaVerna Flentge. Those issues will be addressed in Appellees' Brief.

5

trial court (Judge Campbell, replacing Judge Flenniken) denied a motion and amended motion for reconsideration of the prior orders granting Cross-Appellants a declaratory summary judgment on the testamentary transfer issue (S.Supp.C.R.6). [2] Further, on September 16, 2013, the trial court granted a declaratory summary judgment that any purported election of Cross-Appellees as directors at an alleged board meeting of W.L. Ranch, Inc. on November 20, 2010 was null and void for failure to comply with the By-Laws of W.L. Ranch, Inc. (S. Supp.C.R. 7). These declaratory summary judgments were later incorporated into the Final Judgment of the trial court, after the trial proceeded on the shareholders (Cross-Appellants) derivative claims for breach of fiduciary duty (and the trial court granted a direct verdict on same) and the jury determined the segregated amount of attorney's fees and expenses for the prior declaratory summary judgments, aside and apart from amounts sought for segregated corporate expenditures of attorney's fees and expenses for a later proposed application to the trial court for statutory reimbursement by the corporation or directly to the contributing shareholders for substantial benefits to the corporation. (C.R.281; S.Supp. C.R. 54-57)

In the testimony at the trial all three (3) Cross-Appellees, Mary Flentge McAuley (secretary), Charles Ray Flentge (third vice-president), and Willie O. Flentge, Jr. (second vice-president) confirmed their corporate officer capacities at all pertinent times to this lawsuit for W.L. Ranch, Inc. (C.R.R. Vol.3, 28; 8-11; 205: 2-

7; 234:19-21, Vol. 4 206; 6-15). Two Cross-Appellees, Mary Flentge McAuley and Charles Ray Flentge, claimed they were board members of W.L. Ranch, Inc., (which was highly disputed) and had been since September 2007, along with Willie Otto Flentge, Sr. and LaVerna Flentge, prior to their deaths. (C.R.R. Vol. 3, 101: 9-16; 236:7-9, 20-24)[3].

---

[3] With his advancing age, Willie Otto Flentge, Sr., President of W.L. Ranch, Inc., was aware of present and future conflicts that had developed between his five children, the resentment of Mary, Willie Jr.,and Charles Ray of Carl, who was a live in son, acted as his right hand man in wildcatting operating wells on the W.L. Ranch farm property and was the major caregiver to both him and his wife, LaVerna. Accordingly, he took actions to mitigate these conflicts, as well as to preserve and protect the corporate property, beginning in 2007 and leading up to his death on August 30, 2010. First, he convened a shareholders and board meeting on September 16, 2007, at which time the shareholders unanimously passed a resolution to amend the articles of incorporation, the board voted to amend the By-Laws of the corporation to reduce the number of necessary directors to two (2) and elected him and his wife, LaVerna, as sole directors. Armed with this authority he engaged attorney Wayne Paris to file articles of amendment to the corporate By-Laws in April 2008 with the Secretary of State and he and his wife executed First Amended By-Laws, as the sole directors, in November 2008, which also precluded the sale of corporate property without a 100% vote of all shareholders (which was also approved in the September 2007 corporate meeting) (C.R.R. Vol.8, Ex. 8,10,11). He later introduced the amended articles and By-Laws at a corporate shareholders' meeting on April 26, 2009, in which they were again approved. (C.R.R. Vol. 8, Ex. 13) Second, he and his wife, LaVerna, also executed an Oil, Gas, and Mineral Lease with Clayton Williams Energy, Inc. in September 2007, which effectively removed Carl from complaints about his actions regarding the day to day well operations (C.R.R. Vol.8, Ex. 9). Next, he revised his Will, appointed his longtime friend and local banker, Daniel Junek, the independent executor of his estate and entered into an agreement with Junek, that upon his and his wife's demise , that Junek undertake certain corporate duties to continue corporate matters uninterrupted. He introduced Junek at an annual shareholder's meeting on July 6, 2010 for this purpose and there were no objections from the other shareholders (C.R.R. Vol. 8, Ex. 14-15). Finally, on August 6, 2010, he and his wife signed an affidavit ratifying all of the past actions of their son Carl and indicating an intent for future assistance (C.R.R. Vol. 8, Ex. 16). He passed away shortly thereafter on August 30, 2010. Unbeknown to him, Cross-Appellee, Mary Flentge McAuley, privately kept notes of the alleged minutes of these meetings at her home, which were not revealed or approved by shareholders or board, and which after her father's death, the Cross-Appellees engaged an attorney named Richard Moore and paid $20,000.00 to in order to prepare minutes with substantial differences from actual occurrences, including the alleged election of McAuley and Charles Ray as directors in 2007, rather than Willie Otto Sr. and LaVerna as sole directors, as well as to re-amend the articles of incorporation and By-Laws without all to the shareholder's approval or board approval, and to improperly notice board meetings along with interfering with the testamentary transfer of shares

Cross-Appellee McAuley admitted that she filed false statements with the Texas Secretary of State wherein she designated herself as registered agent for the corporation, W.L. Ranch, Inc., that she opened a separate corporate bank account in Dripping Springs, Texas without disclosing this to other shareholders and the then president of the corporation, LaVerna Flentge (C.R.R. Vol. 3, 105:20-21; 113:9-14; 114:5-11:123:1-14; 132:18-22: 142:1-4; 144:1-9, 14-19; 146:1-8,22-24; 196:10-25; 197:1-4). While McAuley agreed that it was in the best interest of W.L. Ranch, Inc. to maintain everyone's share interest and not injure anyone's else share interest, she falsely approved a deed of correction that was filed in the deed records of Burleson County, increasing her share interest in W.L. Ranch, Inc. and corresponding oil royalty revenues to 20% from 14% and diminishing and liquidating the share interests of Willie Otto Flentge, Sr. and LaVerna Flentge, without LaVerna's or the other shareholder Cross-Appellants knowledge (C.R.R. Vol. 3, 149:23-25; 152:17-

---

under Willie Sr.'s Will.(C.R.R. Vol. 3, 29:16-18; 32:4-6; 35:19-25; 37:8-18; 39:3-19; 44:21-25; 45:1-5;153:1-9:182:19-25; 183:1-12;Vol 8, Ex. 32, 34, 40, 41, 42, 45, 46) These alleged unapproved written minutes developed by Moore were not revealed or provided by Moore until after this litigation was filed. Moore was added as a Defendant in the litigation, but settled out for a repayment to the corporation of the $20,000.00 before this case went to trial (C.R. S.Supp. 45, 50). During the course of this litigation Cross-Appellees filed counter claims, sued Cross-Appelants' lawyer in this case, attempted to disqualify Cross-Appellants' lawyer, filed a mandamus over the stock transfer issue in the Waco Court of Appeals and two collateral will contests, all of which were with either dismissed, denied or non-suited before this case went to trial. Cross-Appellees also engaged a predecessor counsel who was disqualified by the trial court based upon a conflict of interest (S.Supp.C.R. 37)

8

21; 153:1-22; 158:16-25; 159:1-25;161:8-25; 162:1-6). Cross-Appellee Charles Ray Flentge testified that the other shareholders (Cross-Appellants) were not asked to approve the deed changing these interests before it was filed at the courthouse by him (C.R.R. Vol. 4, 27: 12-25; 28:1-25; 51:1-4;58:12-21). Cross-Appellee, Willie Otto Flentge, Jr., admitted that he participated in having royalties paid in a manner different from their payment before his father's death, had a separate bank account opened in which the corporate president, LaVerna Flentge, had no signatory power and that no vote was taken from the president of the corporation or others on an address change of the corporation by Cross-Appellee McAuley to her home in Dripping Springs, Texas (C.R.R. Vol 4, 218:9-20; 241:12-25; 245:1-10; 251: 4-25; 253:1-25; 255:1-6; 257:17-25; 261:1-25, Vol. 5, 25:19-23; 30:1-6). Cross-Appellee Charles Ray Flentge admitted that he obtained corporate property from the corporate farm after his father's death (C.R.R. Vol. 4, 65: 6-9, 14-21). Cross-Appellant David Flentge confirmed that corporate farm property was in the possession of Cross-Appellee Charles Ray Flentge and described the property. (Vol. 5, 65:10-25; 66:18-25). He further testified that he met with Clayton Williams, oil royalty lessee of W.L. Ranch Property, Inc., and confirmed corporate royalties had been diverted by the actions of Cross-Appellee McAuley (C.R.R. Vol. 5, 72: 1-15, 119: 12-16) Cross-Appellant Carl Flentge testified that as a shareholder and officer (treasurer) none of these actions by Cross-Appellees were revealed to him. (C.R.R. Vol. 4, 136: 17-25;

9

185:1-25; 188:13-25;190: 10-25; 203:19-25). Exhibits introduced at trial confirmed this testimony. (C.R.R. Vol. 8, Ex. 9, 16,21,24,27,27,29,33,37,38,39,41,42).

Wayne Paris, trial attorney for Cross-Appellants Carl Flentge and David Flentge, testified about reasonable and necessary attorney fees and expenses incurred by the corporation for his representation in the case in a total amount of $384,726.61. He also testified as to individuals contributions made to these fees by the individual Cross-Appellants as follows: David Flentge, $50,000.00; Daniel Junek a behalf of the Estate of Willie Otto Flentge, Sr., $53,345.01; the estate of LaVerna Flentge: $58,325.00; LaVerna Flentge, individually, $68,451.66; and Carl Dean Flentge $88,675.00, for a grand total of corporate contributions of $318, 889.67. Wayne Paris properly segregated from this total, the reasonable, necessary, and just amount relating to the declaratory judgment actions in the amount of $92,644.32 (C.R.R. Vol. 5, 164: 12-18; 167:11-14; 169:10-25; 170: 1-15, 20; 173:15-25). Laura Upchurch testified as to additional reasonable and necessary fees and expenses advanced by the Estate of LaVerna Flentge to the corporation for reimbursement to the estate for a total of $60, 991.05. Carl Flentge individually, contributed $18,854.41 of that amount (C.R.R. Vol. 5, 206:22). Jeffrey Burns testified as to the contributions of the estate of Willie Otto Flentge, Sr. to his firm of fees of $37,106.90, with individuals Carl Flentge contributing $7,000.00, the estates independent executor, Daniel Junek, contributing $4,655.90 and $2,425.50, and

10

LaVerna Flentge, individually, (prior to her death) contributing $10,000.00 (C.R.R. Vol. 5, 215:21; 216:3;217:15-25; 218:13)

When the Cross-Appellants (Plaintiffs) rested, the Cross-Appellees (Defendants) filed and presented a Motion for Directed Verdict on Plaintiff's Claims for Breach of Fiduciary Duties on February 5, 2015. (C.R. 267-269). The trial court on February 6, 2015 granted the motion on the basis that Cross-Appellants had shown no *economic damages* resulting from a breach of fiduciary duties and incorporated that finding into the Final Judgment. (C.R.R. Vol. 6, 16:20-22)(C.R. 280). The Cross-Appellees then rested without putting on any further evidence. (C.R.R. Vol. 6, 16:24-25; 17:1) Accordingly, the only issue left for the jury, after the directed verdict on the breach of fiduciary duty claim, was the amount of the segregated attorney's fees and expenses associated with the prior declaratory summary judgments. §37.009, *Tex.Civ.Prac.&Rem.Code* (R.R. Vol. 6,20:15-22; 21:16-23). The trial court submitted that question the jury, which answered $92,644.32, plus additional fees in case of appeal. (C.R. 270-278). On March 23, 2015, the trial court signed a Final Judgment, wherein the Cross-Appellants expressly reserved the right to appeal the directed verdict on the breach of fiduciary duty claim (C.R. 2801). Cross-Appellants then filed a motion for partial new trial pursuant to Rule 320, *Tex.R. Civ.P.* (C.R. 283-294). On April 6, 2015 the trial court signed an Order denying Cross-Appellants' motion for partial new trial (C.R. 299).

11

Cross-Appellants duly perfected their appeal by Cross-Notice of Appeal filed on June 22, 2015 (C.R. 303-304)

## SUMMARY OF THE ARGUMENT

The trial court erred in granting a directed verdict on Cross-Appellants shareholder derivative claims on behalf of W.L. Ranch, Inc. for breach of fiduciary duties because Cross-Appellants established a prima facie case by sufficient probative evidence that Cross-Appellees, acting as officers and two (2) purported directors of W.L. Ranch, Inc., breached their fiduciary duties to the corporation and committed ultra vires acts beyond the scope of the express purposes of the corporation and inconsistent with expressed limitations on the authority of officers and directors (§20.002(c)(2), *Tex.Bus.Org.Code*) These generally included usurping corporate opportunities for personal gain, participating in actions taken in bad faith in the officers relations to the corporation, failing to disclose actions taken for personal gain to the corporation and violating their duty of loyalty to the corporation. These actions specifically included, but were not limited to, acquiring for themselves benefits by misappropriation of corporate farm property and corporate books and records, filing articles of amendment to the articles of incorporation and public information reports containing false statements and filing a correction deed in the deed records of Burleson County, without corporate shareholder approval, that contained false statements in violation of §4.007-§4.008,

12

*Tex.Bus.Org.Code* and §21.052 and §21.055, *Tex.Bus.Org.Code*, that increased their proportionate share interests in the corporation and corresponding oil revenues, holding an improperly noticed board meeting and electing themselves by directors at the board meeting, the unauthorized appointment of Cross-Appellee McAuley as registered agent by herself, acquiring benefits for themselves by opening an unauthorized corporate bank account to divert oil revenue, acquiring benefits for themselves by drafting and filing documents increasing their interest in shares of the corporation from 14% to 20% by the liquidation of the shares of Willie Otto Flentge, Sr. and LaVerna Flentge and acquiring benefits for themselves by assuming the management and control of the corporation, without disclosing their actions to the president of the corporation and the other shareholders. The Cross-Appellants established both a breach of fiduciary duties and the acquisition of "benefits" by Cross-Appellees resulting from the breach by sufficient evidence and did not need to establish the *economic value* of those "benefits" that Cross-Appellees obtained, contrary to the trial court's erroneous belief. Cross-Appellees failed to meet their burden of proof that had then been shifted to them by failing to establish their actions were fair and equitable to W.L. Ranch, Inc.

The erroneous action of the trial court in granting a directed verdict to Cross-Appellees based upon lack of proof of *economic damages* in Cross-Appellants' claim for breach of fiduciary duties precluded Cross-Appellants from presenting

13

statutory claims that the corporation reimburse the individual Cross-Plaintiffs for their attorneys fees and expenses, by application made to the court upon the termination of the proceeding, with a value of such fees and expenses determined by the jury, if the *court* then found that the proceeding resulted in a substantial benefit to W.L. Ranch, Inc., pursuant to §21.561(b)(1) and §21.563(c) *Tex.Bus.Org.Code*, the codified common fund doctrine, because such recovery is predicated on the element of establishing a *successful* claim.

Accordingly, this Court should reverse and remand that portion of the final judgment directing a verdict on Cross-Appellants claims for breach of fiduciary duties based upon lack of proof on *economic damages* and remand for a trial of these issues, as clearly there were material fact issues in dispute for the jury based upon the probative evidence in the record, and as Cross-Appellants had no burden at the time they rested to prove Cross-Appellee obtained "benefits" from such breach because the burden had shifted. Further, the trial court abused it's discretion in denying Cross-Appelants' motion for partial new trial in failing to apply the law properly regarding "benefits" obtained by Cross-Appellees from their improper actions.

## ARGUMENT
### A.
### Standard of Review

In reviewing the granting of a directed verdict the appellate court can

14

consider any reason the directed verdict should have been granted, even one that is not stated in the Court's order or parties motion *Reyna v. First Nat'l Bank*, 55 S.W. 3d 58,59 (Tex.App.-Corpus Christi 2001, no pet.). The appellate court must consider all evidence in the light most favorable to the party against whom the verdict is directed, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence if reasonable jurors would not *Robertson v. Odom*, 296 S.W. 3d 151, 155(Tex. App.-Houston [14th Dist.] 2009, no pet.); *City of Keller v. Wilson*, 168 S.W. 3d 802, 827 (Tex. 2005). The Appellate court must determine whether there is any probative evidence to raise a fact issue *Porterfield v. Brinegar*, 719 S.W. 2d 558,559 (Tex. 1986). If the record contains any probative or conflicting evidence on a material issue, the issue should have been resolved by the jury, and the appellate court must reverse *White v. Southwestern Bell Tel.Co.*, 651 S.W. 2d 260, 262 (Tex. 1983); *Rente Co. v. Truckers Express, Inc.*, 116 S.W. 3d 326,330 (Tex. App. – Houston [14th Dist.], 2003, no pet.); *Mills v. Angels*, 995 S.W. 2d 262, 267 (Tex. App.- Texarkana, 1999, no pet.)

The standard of review for the trial court's ruling on a motion for new trial is abuse of discretion. *Director, State Employees Workers' Com. Div. v. Evans*, 889 S.W. 2d 266, 268 (Tex. 1994); *Cliff v. Higgins*, 724 S.W. 2d 778, 778-79 (Tex. 1987). A clear failure to analyze and apply the law correctly constitutes an abuse of discretion *In re TDFPS*, 210 S.W. 3d 609, 612 (Tex. 2006); *In re Essex, Ins.*, 450

15

S.W. 3d 524, 525-26 (Tex. 2014). A trial court's erroneous legal conclusion is an abuse of discretion, even if the law is unsettled *Huie v. De Shazo*, 922 S.W. 2d 920, 927-28 (Tex. 1996). The order denying a new trial is appealable as part of the appeal from a final judgment *Martiz v. Preiss*, 121 S.W. 3d 715, 720 (Tex. 2003)

**B.**
**There is Sufficient Evidence in the Trial Record to Raise a Fact Issue on Cross-Appellees, Mary Flentge McAuley, Willie O. Flentge, Jr. and Charles Ray Flentge breach of their Fiduciary Duties, while acting as Officers and two (2) purported Directors of W.L. Ranch, Inc.**

The elements of a cause of action for breach of fiduciary duty are the following: (1) The plaintiff and the defendant had a fiduciary relationship; (2) the defendant breached it's fiduciary duty to plaintiff and; (3) the defendants' breach resulted in (a) injury to plaintiff; *or (b) benefit to the defendant Burrow v. Arce,* 977 S.W. 2d 229, 237 (Tex. 1999); *Kinzbach Tool Co. v. Corbett – Wallace Corp.*, 160 S.W. 2d 509, 513-14(Tex. 1942); *Graham Morg. Corp. v. Hull,* 307 S.W. 2d 472, 479 (Tex. App. – Dallas 2010, no pet.) To prove an action for breach of fiduciary duties, the plaintiff must establish that the defendant's breach resulted in an injury to plaintiff *or a benefit to defendant*. *Priddy v. Rawson*, 282 S.W. 3d 588, 599(Tex.App.- Houston [14[th] Dist.] 2009, pet. denied); *Kelly v. Grimes* , 181 S.W. 3d 394, 414 (Tex. App. – Waco 2005). It is not necessary for the plaintiff to prove injury to prevail on a claim for breach of fiduciary duty *Kinzbach Tool Co. , Inc. v. Corbett – Wallace Corp*, 160 S.W. 2d at 514; *Upchurch v. Albear*, 5 S.W. 3d 274,

16

283 (Tex. App.-Amarillo 1999, pet. denied) . Even if the plaintiff sustains *no loss* from the defendants breach of fiduciary duty, the defendant cannot retain any benefits it acquired from the breach. *Kinzbach Tool Co., Inc. v. Corbett-Wallace Corp*., 160 S.W. 2d at 514. It is the agent's disloyalty, not any resulting harm that violates the fiduciary relationship. *Burrow v. Arce*, 997 S.W. 2d at 238 ( Tex.1999) This issue in no injury/damages was long ago decided by the Supreme Court of Texas in the *Kinzbach Tool Co., Inc*. case, supra, in which the Court stated at 573-74:

> "[5][6] … It would be a dangerous precedent for us to say that unless some affirmative loss can be shown, the person who has violated his fiduciary duty with another may…hold on to any secret gain or benefit he may have therefore acquired. It is the law that in such instances if a fiduciary takes any gift, gratuity, or benefit in violation of his duty, or acquires any interest adverse to the principal, without full disclosure, it is a betrayal of his trust and a breach of confidence, and he must account to his principle for all he has received..."

Both officers and directors of a corporation owe fiduciary duties to the corporation *Ritchie v. Rupe,* 443 S.W. 3d 856, 876 (Tex. 2014). *Directors, or those acting as directors* owe a fiduciary duty to the corporation in their directorial actions and this duty includes their actions of uncorrupted business judgment for the sole benefit of the corporation *Int'l Bankers Life, Ins. Co. v. Holloway*, 368 S.W. 2d 567, 577 ( Tex. 1963); *Ritchie v. Rupe* at 868. Corporate officers and directors owe the corporation and their collective shareholders a duty to act only in their best interests.

17

Fiduciary duties that are owed by directors and officers of a corporation to the corporation include the following: (a) the duty of loyalty to the corporation. *General Dynamic v. Torres*, 915 S.W. 2d 45,49 (Tex. App.-El Paso 1995, writ denied); *Poe v. Hutchens*, 737 S.W. 2d 574, 584 (Tex. App. – Dallas 1987, writ ref r.r.e.); (b) the duty of utmost good faith in officers relations with the corporation. *Kinzbach Tool Co. , Inc. v. Corbett – Wallace Corp*, 160 S.W. 2d at 512 (Tex.1942); *Imperial Grp. V. Scholnick*, 709 S.W. 2d 358, 363 (Tex. App.- Tyler 1986, writ ref'd r.r.e.); (c) the duty to refrain from self dealings. *Imperial Grp. V. Scholnick*, 703 S.W. 2d at 363; (d) the duty of fair, honest, dealing *Kinzbach Tool Co. , Inc. v. Corbett – Wallace Corp* at 512; (e) the duty of full disclosure *City of Fort Worth v. Pippen*, 439 S.W. 2d 660, 665 (Tex. 1969) *Trahan v. Lone Star Title Co.*, 247 S.W. 3d 269,287 (Tex. App. – El Paso 2007), pet. denied); *Home Loan Corp. v. Texas Am Title Co.*, 191 S.W. 3d 728, 731 (Tex. App. – Houston [14th Dist.] 2006, pet. denied), and; (f) the duty not usurp corporate opportunities for personal gain *International Bankers Life Ins. v. Holloway*, 368 S.W. 2d at 577; *Loy v. Hart*, 128 S.W. 3d 397, 408 (Tex. App. – Texarkana 2004 pet. denied)

**Cross-Appellants presented prima facie sufficient evidence of a breach of fiduciary duties by Cross-Appellees, acting as officers and two (2) purported directors to W.L. Ranch, Inc.**

Cross-Appellee McAuley admitted she was and has always been the corporate secretary and claimed to have been elected a board member in 2007 and again in

18

2010 (which was heavily disputed) (C.R.R. Vol. 3, 34:9-11;39:3-5; 101:9-16). She further agreed that it was in the best interest of the corporation to maintain everyone's share interest and not to injure anyone's share interest (C.R.R. Vol. 3, 68:20-25; 69:1) Nevertheless, she noticed a board meeting for November 20, 2010 (after her father's death), did not notice her father's independent executor and claimed she was elected a board member *by the board* at such meeting (C.R.R. Vol. 3, 88: 4-25; 101:9-16; Vol. 8, Ex. 22) Further, although not mentioned in the minutes of that meeting, she appointed herself as a new registered agent for the corporation, filed amended articles with the secretary of state containing false statements, opened a separate bank account for the corporation in her hometown, Dripping Springs, Texas, communicated with Clayton-Williams about diverting oil revenues due the corporation, and signed a deed of correction and conveyance eliminating her father and mother's share interest in the corporation and increasing her's from 14% to 20%. (C.R.R. Vol.3, 105:20-21; 113:9-14; 114:5-11; 132:18-22;142:1-4;149:23-25:151:1-22;158:16-25;159:1-25) Although she agreed that when her revenue interest was being increased such should be disclosed to the corporation, she did not disclose same to the other shareholder Cross-Appellants and had no authorization to open a new bank account for the corporation from the shareholders or the board. (C.R.R. Vol. 3, 144:1-9; 146: 1-8, 24; 196:10-25; 197:1-4).

19

Cross-Appellee, Charles Ray Flentge, although admitting he was an officer of the corporation and claiming to be a director, also admitted he appropriated corporate property after his father died, that he did not seek approval from the other shareholders after signing deeds to liquidate his father and mother's interest in the corporation, that he participated in opening a new bank account that did not advance the interests of the corporation and that he never received authority from the corporation to do such. (C.R.R. Vo. 3, 208: 4-14; 277:5-8; Vol. 4, 27:12-25; 28:1-25; 51:1-4; 64:17-22; 65:14-21)

Cross-Appellee, Willie O. Flentge, Jr. admitted he was an officer and that he had signature power for a new separate bank account for the corporation opened after his father's death on which LaVerna (mother-present of corporation), Carl(Treasure), David (shareholder) and Daniel Junek (Independent executor of the estate of Willie O. Flentge, Sr. and holder of shares of the deceased) had no signature power. (C.R.R. Vol. 4, 206: 6-15; 251:4-25; 253:1-25; 255:1-6). However, he did not ask his mother, as president of corporation, to approve new second articles of amendment, McAuley appointing herself as registered agent, or deeds he drew up to liquidate her and his deceased father's interest. (C.R.R. Vo. 4, 261:1-25; Vol. 5, 25: 19-23) He also admitted to communicating with Clayton Williams for the purpose of having royalties paid in a manner different than they were currently being paid. (Vol. 5, 30:1-6)

20

Cross-Appellant, Carl Flentge, testified that he did not receive proper notices from the Cross-Appellees for alleged corporate meetings and never voted to liquidate his father and mother's interest (C.R.R. Vol.4, 184:1, 12-20, 185:1-25; 188:13-25, 190:10-25 ; 203:19-25) Carl testified that oil revenues of W.L. Ranch, Inc. were being held in the court's registry and are sent to the district clerk by Clayton-Williams presently. (C.R.R. Vol. 4 101:1-25; 102: 5-7)

Cross-Appellee, David Flentge, described corporate farm equipment and stated it was in the possession of Cross-Appellee, Charles Ray Flentge (C.R.R. Vol. 5, 65: 10-25; 66:18-25).

The testimony of these Cross-Appellees and Cross-Appelants constituted sufficient probative evidence of self-dealing, a lack of disclosure, a lack of loyalty and good faith and usurping corporate opportunities by Cross-Appellees, as officers and a purported two (2) directors of W.L. Ranch, Inc. The only defense presented while Cross-Appellants were presenting their case and before they rested, if you could call it one, was that the Cross-Appellee were functioning as officers and two(2) directors. The First Amended By-Laws of W.L. Ranch, Inc. provide that the business and affairs of the corporation shall be managed by the board of directors and that the officers shall have the duties usually pertaining to their perspective offices (C.R.R. Vol. 8, Ex. 11) No By-Laws of the corporation authorized the ultra vires acts, set out

21

above, by Cross-Appellees (C.R.R. Vol. 8, Ex. 22, 27, 28, 29, 33, 39); §20.002(c)(2), *Tex.Bus.Org.Code*.

**The shifting of the burden of proof and persuasion**

The burden of proof is on the fiduciary when the fiduciary has profited or benefited from a transaction with a beneficiary or has placed himself in a positon in which his self-interest might conflict with the beneficiary. When the Cross-Appellees, as fiduciaries in their capacity as officers and two (2) alleged directors, placed themselves in position in which their self-interests might conflict with those of the corporation or benefited from any transactions involving W.L.Ranch, Inc., a rebuttable presumption of unfairness arose that shifted the burden of producing evidence and the burden of persuasion to the fiduciary Cross-Appellees, when Cross-Appellants rested, to show that the transactions were fair and equitable to the corporation and all of it's interests collectively. *Keck, Mahin & Cate v. National Union Fire Insurance Company of Pittsburg,* 20 S.W. 3d 692, 699 (Tex. 2000); *Texas Bank & Trust Co. v. Moore*, 595 S.W. 2d 502, 509 (Tex. 1980); *Archer v. Griffith*, 390 S.W. 2d 735, 739 (Tex. 1984); *Sorrell v. Elsey*, 748 S.W. 2d 584, 586 (Tex. App.-San Antonio 1988, writ denied); *Miller v. Miller*, 700 S.W. 2d 941, 945-46 (Tex. App. – Dallas , 1985, writ ref. r.r.e.); *Gun v. Schafer*, 683 S.W. 2d 803, 506 (Tex.App.-Corpus Christi 1984, no pet.); *Fillion v. Troy*, 656 S.W. 2d 912, 914 (Tex.App.-Houston[1st Dist.] 1983, writ ref. r.r.e.)

22

In this case, once the Cross-Appellees, in their roles as officers and purported directors, wrongfully appropriated corporate property and wrongfully assumed the management positons in the corporation, along with increasing their share interests in the corporation and it's revenues, they had the burden of producing evidence to show that all of these transactions were fair and equable to W.L. Ranch, Inc. But Cross-Appellees offered no evidence to show that they did not breach their duties or gain any such benefits or if they did, such gains were fair and equitable to the corporation. This was the condition of the record when the trial court granted a directed verdict. The trial court erred in granting the directed verdict for Cross-Appellees on the breach of fiduciary duty claim because it misplaced the burden of producing evidence and persuasion, at that time, and placed it upon Cross-Appellants. Indeed, Cross-Appellees, rested without putting on any evidence that their actions were fair and equitable to W.L Ranch, Inc. These points were raised and preserved for review by this court in Cross-Appellants motion for partial new trial, which was denied by the trial court. (C.R. 288-89, 299)

The Cross-Appellees argued in responding to the Cross-Appellees motion for partial new trial that this burden never shifted because Cross-Appelants did not show the *value of economic benefits they obtained*. (C.R.R. Vol. 7, 11:18-25;13:11-15; 13:9-24). As shown by the case law above, this is not necessary and will be further addressed below. The only necessity is to show that the Cross-

23

Appellees placed themselves into a positon where their self interests conflicted with that of the beneficiary corporation. The record contains sufficient probative evidence of such self-dealing creating a fact issue.

**C.**

**There is Sufficient Evidence in the Trial Record to raise a fact Issue that Cross-Appellees, Mary Flentge McAuley, Willie O. Flentge, Jr. and Charles Ray Flentge obtained Benefits as a result of their Breach of Fiduciary Duties to W.L. Ranch, Inc., while acting as Officers and two (2) purported Directors of W.L.Ranch, Inc.**

In their motion for directed verdict on Cross-Appelants' breach of fiduciary duty claims, Cross-Appellees stated that Cross Appellants had presented no evidence of *damages* that resulted from their breach (C.R. 267-269). The trial court granted the motion an incorporated that finding of "no damages" into the Final Judgment. (C.R. 280). When Cross-Appellants pointed out that proof of damages was not essential to find a breach of fiduciary duties, but that "benefits" to Cross-Appellees were sufficient, the Cross-Appellees then argued at the motion for partial new trial hearing that "benefits" to Cross-Appellees must be shown as "specific economic benefits" by a dollars and cents value that flowed to any Cross-Appellees. (C.R. 296) If such were the case there would be no differential between proof of economic damages and economic benefits to Cross-Appellees and thus no reason for an alternative element . Cross-Appellees have just engrafted *economic* benefits onto the element, which is contrary to Texas law. As the Texas Supreme Court stated in *Kinzbach Tool Co*, *Inc*. case at 573-74 and heretofore quoted,

24

affirmative loss need not be shown "… If the fiduciary takes any gift, gratuity or benefit in violation of his duty or acquires any interest adverse to his principle, without full disclosure, it is a betrayal of his trust and breach of confidence and he must account to his principal for all he has received". No injury or damages are required to be shown.

The presumption of unfairness also arises and the burden of proof shifts to fiduciary if the fiduciary places himself in a positon in which his self-interest might conflict with his obligations as a fiduciary *Stephens County Museum, Inc. v. Swenson*, 517 S.W. 2d 257, 261. (Tex. 1974)(material issues are whether fiduciary made reasonable use of trust and confidence placed in him and whether transactions were ultimately fair and equitable to the beneficiary); *Slay v. Burnett Trust,* 187 S.W. 2d 377, 387-88 (Tex.1945). Texas law has never held that a "benefit" to Cross-Appellees had to be shown by placing an economic value upon it, as opposed to showing a position where the fiduciary's self-interest might conflict with his obligations as a fiduciary, in order to shift the burden of proof and persuasion. The trial court erred in failing to recognize who had the burden of proof at the juncture when granting the directed verdict on the breach of fiduciary duty claim and misplaced same. This court should recognize same and reverse and remand to the trial court for a new trial on the breach of fiduciary claim and for the

25

resulting improper benefits for this additional reason concerning the burden of proof.

## D.
**The Individual Cross-Appellants were entitled to present their claim for reimbursement of Attorney's Fees and Expenses statutorily under the Equitable Common Fund Doctrine to the Court for the Preservation of Corporate Property which was prevented by the Trial Court's Grant of a Directed Verdict.**

The Cross-Appellants sought a permanent injunction, as well as reasonable and necessary attorney's fees and expenses from the corporation pursuant to §21.561 (a)(1) and (2), *Tex.Bus.Org.Code,* to be paid directly to Cross-Appellants, pursuant to §21.563(c)(1) and (2) *Tex.Bus.Org.C.* (C.R. 317). This point was preserved in the trial court by Cross-Appellants' motion for partial new trial, which was denied (C.R. 289-299). Sufficient evidence of the reasonableness and necessity of the expenses, including attorney's fees, expended for the substantial benefit of the corporation was presented to the trial court by the testimony of the attorneys for Cross-Appellants, along with each Cross-Appellant's individual contributions to the attorney's fees and expenses, which was properly segregated from the attorney's fees involving the declaratory judgment actions. (C.R.R.Vol.5,152-173;173:23-25;205:13-25; 206:22;215:21,23-25; 216:3-13;217:15-25;218:13)

The fee and expense testimony was made as a basis for later requesting the trial court, upon the termination of the litigation but before final judgment, to award such under the statutory common fund doctrine from the corporate assets in

26

the registry of the Court to the individual Cross-Appellants, based upon a substantial benefits they bestowed upon the corporation by the Cross-Appellants preservation and safeguarding of the corporate assets.

To recover attorney's fees under equity, the Plaintiff must establish the following:

1) The plaintiff pleaded for attorney's fees

2) The plaintiffs claim for attorney's fees was based on one of the following equitable principles:

   a) The common fund doctrine, or

   b) The attorney's fees as damages theory

   c) The plaintiff was represented by an attorney

   d) *The plaintiff prevailed in the lawsuit*

   e) The plaintiff incurred reasonable and necessary attorney's fees

*Knebel v. Capital Nat'l Bank*, 518 S.W. 2d 795, 798-99 (Tex. 1974); *Libhart v. Copeland*, 949 S.W. 2d 783, 803-04 (Tex.Ap.-Waco 1997, no writ)' *City of Dallas v. Arnett*, 762 S.W. 942, 954 (Tex. App.-Dallas 1998, writ denied). Cross-Appellants sought attorney's fees and costs in the case, among other requests, under §21.561(a)(1)(2) *Tex.Bus.Org.Code* (C.R. 317). Cross-Appellants also sought in this derivative proceeding that as shareholders their claims be treated as direct actions by shareholders for the corporation's own substantial benefit and that the court order

27

payment directly to the Cross-Appellants individually by the corporation of fees and expenses, for their actions to protect the interest of all shareholders of the corporation, pursuant to §21.563(c)(1) and (2) *Tex.Bus.Org.Code* (C.R. 37). On the termination of the derivative proceeding, the court may order the domestic corporation to pay the expenses the plaintiff incurred in the proceeding, if the court finds the proceeding has resulted on a substantial benefit to the domestic corporation §21.561(b)(1), *Tex.Bus.Org.Code.*

The common-fund doctrine in shareholder derivative actions has thus been codified into §21.561(b)(1), *Tex.Bus.Org.Code.* The Cross-Appellants plead for attorney's fees, made a claim under sections §21.561 and §21.563, were represented by attorneys, and incurred reasonable and necessary attorney's fees, as were testified to in the trial court by the Cross-Appellants' attorneys. However, element number 4 above, that *plaintiff had to prevail in the lawsuit*, was *precluded* by the trial court's grant of a directed verdict on the shareholder's derivative claim for breach of fiduciary duties. Had the trial court denied the motion for directed verdict, the jury question, with the burden properly placed, on the breach of fiduciary duty claim would have gone to the jury, as well as a question on the reasonable attorney's fees and costs testified to for corporate reimbursement, and if the jury had found for Cross-Appellants on the breach of fiduciary duties and the segregated amount of attorney's fees and costs, aside and apart from the declaratory judgment attorney's

fees issue submitted, Cross-Defendants would have submitted an application to court under §21.561 and §21.563 to access attorney's fees to the corporation and award reimbursement to the individual Cross-Appellants for their protection and safeguarding of the corporation, from the corporate funds in the trial court's registry.

The "common fund doctrine" allows for the recovery of attorney's fees in equity where the plaintiff has maintained a *successful suit* for the preservation, protection and increase of a common fund *Knebel v. Capital Nat'l Bank*, 518 S.W. 2d at 799. The doctrine usually has application where a plaintiff's *successful litigation* confers a substantial benefit on the members of an ascertainable class. Although, the term substantial benefit usually involves an ascertainable fund or property received as a result of litigation, the rational has been extended to litigation which prevents or corrects an abuse which would be prejudicial to the rights and interests of others. It would be unrealistic to deny such to derivative suits instituted in good faith to correct or prevent misconduct of corporate officers and directors resulting in substantial benefits to the corporation. Actions to prevent such acts may maintain the health of the corporation and raise the standard of fiduciary relationships. Legal actions which correct such abuses confer a substantial benefit on the corporation *Libhart v. Copeland*, 949 S.W. 2d at 26-7. In this case, the Cross-Appellants obtained a temporary restraining order and an agreed temporary injunction which channeled all corporate revenues to the trial court's registry for the

29

protection and preservation of corporate assets, based upon Cross-Appellees breach of fiduciary duties as officers and alleged directors of the corporation (S.Sup.C.R. 8-9, 12-19, 20-23, 46-52, 58-62). The Cross-Appellants prayed for a permanent injunction. The granting of the directed verdict by the trial court precluded this request and rights of the Cross-Appellants for restitution of their personal funds contributed for the substantial benefit they bestowed upon W.L. Ranch, Inc., in preserving its assets for all of the shareholders, including the independent executors of the estates. Accordingly, this court should reverse and remand this case for trial upon the breach of fiduciary duty claim and, if *successful*, for the later presentation to the trial court of an application for reimbursement to the individual Cross-Appellants for their attorney's fees and costs under the statutory equitable common-fund doctrine against W.L Ranch, Inc.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Cross-Appellants pray that this Honorable Court affirm the Final Judgment of the trial court, except the directed verdict upon their breach of fiduciary duty claim, and that this Honorable Court reverse the judgment of the trial court granting a directed verdict on their breach of fiduciary duty claim and remand that claim for a new trial upon same. Cross-Appellants also pray for their costs of court and such other relief as may be deemed appropriate.

30

Respectfully submitted

 */s/* Wayne H. Paris
Wayne H. Paris
Paris Law Group P.L.L.C.
State Bar No. 15462000
Two Riverway, Suite 1080
Houston, Texas 77056
Telephone: (713) 951-9100
Facsimile: (713) 961-3082
E-mail: waynehparis@yahoo.com
***Attorney for Cross-Appellants***

## CERTIFICATE OF COMPLIANCE

I hereby certify that the number of words in the length of the defined section of this computer-generated document entitled Brief for Cross-Appellants is 7073 This certificate is made pursuant Rule 9.4 (i)(3), *Tex. R. App.P.*

 */s/* Wayne H. Paris
Wayne H. Paris

31

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Brief for Cross-Appellants, along with the Appendix to the Brief for Cross-Appelants* has been sent to all interested counsel of record on the 1st day of December 2015 electronically and/or facsimile and/or U.S. First Class Mail.

/s/ Wayne H. Paris
Wayne H. Paris

***Via Facsimile: (832) 201-9117:***
Mr. J. Steven Stewart
The Law Office of J. Steven Stewart
5353 West Alabama, Suite 605
Houston, Texas 77056

***Via Facsimile: 1 (979) 596-2837***
Mr. Jeffery M. Burns
Burns & Reyes Burns, PLLC
17470 Highway 36 So.
Somerville, Texas 77879

***Via Facsimile: (979) 830-0913***
Ms. Laura UpChurch
MOORMAN, TATE, URQUHART, HALEY,
UPCHURCH & YATES, L.L.P.
207 East Main
Brenham, Texas 77834

**MARY FLENTGE MCAULEY, WILLIE O.
FLENTGE, JR., and CHARLES RAY FLENTGE**
*Appellants/Cross-Appellees*
*v.*
**CARL DEAN FLENTGE, INDEPENDENT
EXECUTOR OF THE ESTATE OF LAVERNA
FLENTGE, CARL DEAN FLENTGE, DAVID
FLENTGE and DANIEL JUNEK, INDEPENDENT
EXECUTOR OF THE ESTATE OF WILLIE
OTTO FLENTGE, SR., INDIVIDUALLY , and as
SHAREHOLDERS and on behalf of W.L. RANCH,
INC.**
*Appellees/Cross-Appellants.*

## CROSS-APPELLANTS' APPENDIX

### LIST OF DOCUMENTS

1.  Trial Court's Judgment, dated March 23, 2015 (C.R. 279-282) ..................... *1

2.  The Jury Charge and Verdict (C.R. 270-278) ................................................ *2

3.  The text of any statute on which the argument is based. (C.R. 308, 317, 287,

    289-90) ............................................................................................................. *3

4.  Plaintiff motion for partial new trial and order (optional) (C.R. 283-294,

    299) ................................................................................................................. *4

\*1 Trial Court's Judgment, dated March

23, 2015 (C.R. 279-282)

| | | |
|---|---|---|
| CARL DEAN FLENTGE, INDEPENDENT | § | IN THE DISTRICT COURT |
| EXECUTOR OF THE ESTATE OF | § | |
| LAVERNA FLENGE, CARL DEAN | § | |
| FLENTGE, DAVID FLENTGE | § | |
| AND DANIEL JUNEK, INDEPENDENT | § | |
| EXECUTOR OF THE ESTATE OF | § | |
| WILLIE OTTO FLENTGE, SR, | § | |
| INDIVIDUALLY, AND AS | § | |
| SHAREHOLDERS AND ON BEHALF | § | |
| W.L. RANCH, INC. | § | |
| **Plaintiffs,** | § | |
| | § | |
| vs. | § | OF BURLESON COUNTY, TEXAS |
| | § | |
| MARY FLENTGE MCAULEY, | § | |
| WILLIE O. FLENTGE, JR AND | § | |
| CHARLES RAY FLENTGE | § | |
| | § | |
| **Defendants.** | § | **21st JUDICIAL DISTRICT** |

## FINAL JUDGMENT

BE IT REMEMBERED that on February 2, 2015, this case was called to trial. Plaintiffs Carl Dean Flentge, and David Flentge, Individually, and on behalf of W.L. Ranch, Inc. appeared in person and through their attorney Wayne H. Paris. Carl Dean Flentge, Independent Executor of the Estate of LaVerna Flentge, Individually, and on behalf of W.L. Ranch , Inc., appeared in person and through their attorney, Laura Upchurch. Plaintiff, Daniel W. Junek, Independent Executor of the Estate of Willie Otto Flentge, Sr., Individually, and on behalf of W.L. Ranch, Inc. appeared through their attorney, Jeffrey M. Burns. Defendants Mary Flentge McAuley, Willie O. Flentge Jr. and Charles Ray Flentge appeared in person and through their attorney, J. Steven Stewart. All counsel announced ready for trial. Defendants, through their counsel, announced a filing and notice of partial non-suit on all remaining counter-claims, except those claims previously determined by the Court's Amended Order Granting Partial Summary Judgment signed and entered on August 31, 2012.

1

After a jury was duly impaneled, they heard evidence on the Plaintiffs case in chief and the Plaintiffs rested on February 5, 2015. After Plaintiffs rested, the Defendants filed and presented to the Court Defendant's Motion for Directed Verdict on Plaintiffs Claims for Breach of Fiduciary Duties. On February 6, 2015, after argument, the Court granted Defendants' Motion for Directed Verdict on Plaintiffs Claims for Breach of Fiduciary Duties and rendered judgment as a matter of law that the Plaintiffs take nothing on their Claims for Breach of Fiduciary Duties for the reason that Plaintiffs failed to introduce any evidence of damages. The Defendants then rested.

The Court then submitted the Change of the Court to the jury, which included a single question regarding a reasonable fee for the necessary services to the individual Plaintiffs solely related to the following declaratory judgment claims and issues previously decided by the Court:

1. Order of Partial Summary Judgment signed and entered on August 31, 2012; and,

2. Order of Partial Summary Judgment signed and entered on September 16, 2013.

The jury then returned its findings (verdict) on February 6, 2015, which findings were made final and filed in the records of the Court.

Plaintiffs filed a Motion for Judgment on the on declaratory summary judgments claims, previously granted, requesting the Court find that the reasonable and necessary fees for services of Plaintiffs attorney, as found by the jury, were equitable and just. The Plaintiffs reserved in their motion their right to appeal to the Court's directed verdict on the derivative claim of W.L. Ranch, Inc. against the Defendants for breach of fiduciary duties resulting in injury to Plaintiff corporation or benefit to the Defendants, and Plaintiffs associated claim for reasonable and necessary attorney's fees, both statutory, and in equity incurred for the protection and substantial benefit of W.L. Ranch, Inc.

2

VOL. A 2 1 2 PAGE 2 0 6

The Court heard the motion and finds that the reasonable fees for necessary services of Plaintiffs attorney solely related to the declaratory judgment claims are equitable and just. Accordingly, the Court RENDERS judgment for the individual Plaintiffs for reasonable and necessary attorney's fees that that are equitable and just solely related to declaratory judgments previously granted by the court as partial summary judgments. Those partial summary judgments are incorporated and made final herein in this Final Judgment.

Accordingly, the Court ORDERS that Plaintiffs, Carl Dean Flentge, Independent Executor of the Estate of LaVerna Flentge, Daniel W. Junek, Independent Executor of the Estate of Willie Otto Flentge Sr., Carl Dean Flentge, and David Flentge do have and recover from Defendants Mary Flentge McAuely, Willie O. Flentge, Jr., and Charles Ray Flentge, jointly and severally, the total sum of $92,644.32, representing reasonable and necessary attorney's fees that are equitable and just solely related to the declaratory judgment actions.

The Court further orders that if Defendants unsuccessfully appeal the judgment to the intermediate court of appeals solely on the declaratory judgments and matters relating thereto, the Court ORDERS that Plaintiffs Carl Dean Flentge, Independent Executor of the Estate of LaVerna Flentge, Daniel W. Junek, Independent Executor of the Estate of Willie Otto Flentge Sr., Carl Dean Flentge and David Flentge do not have and recover from Defendants Mary Flentge McAuley, Willie O. Flentge, Jr. and Charles Ray Flentge, the additional total sums of:

1.    $25,000.00 for representation through the court of appeals representing the anticipated reasonably and necessary fees and expenses that would be incurred by these individual Plaintiffs.

2.    $5,000.00 for representation at the petition for review stage in the Supreme Court of Texas representing the anticipated reasonably and necessary fees and expenses that would be incurred by these individual Plaintiffs in defending the appeal.

3

VOL A212 PAGE 297

3.	$10,000.00 for representation at the merits briefing stage representing the anticipated reasonably and necessary fees and expenses that would be incurred by these individual Plaintiffs in defending the appeal at briefing stage in the Supreme Court of Texas.

The Court further ORDERS that Plaintiffs and Defendants each bear their own costs of court.

4.	The Court further ORDERS that Plaintiffs Carl Dean Flentge, Independent Executor of the Estate of LaVerna Flentge, Daniel W. Junek, Independent Executor of the Estate of Willie Otto Flentge Sr., Carl Dean Flentge and David Flentge recover of and from Defendants, Mary Flentge McAuley, Willie O. Flentge, Jr. and Charles R. Flentge post judgment interest on all of the above sums at the rate of five percent (5%), compounded annually from the date this judgment is entered on the sum of $92,644.32, from the date this judgment is affirmed by the court of appeals on an additional $25,000.00, from the date the petition for review is denied by the Supreme Court of Texas on an additional $5,000.00, and from the date this judgment is denied, after briefing, on an additional $10,000.00 by the Supreme Court of Texas.

All relief requested in this case and not expressly granted is denied. This judgment finally disposes of all claims and parties and is appealable.

All writs and process for the enforcement and collection of this judgment or the costs of the court may issue as necessary.

SIGNED this 23ᵈ day of _MArch_ 2015.

_[signature]_

JUDGE PRESIDING

FILED 9:24 am
DATE 3·23·15
**Dana Fritsche**
District Clerk, Burleson County
By _[signature]_

4

VOL. A212 PAGE 298

\*2 The Jury Charge and Verdict (C.R. 270-278)

CAUSE NO. 26,704

| | | |
|---|---|---|
| CARL DEAN FLENTGE, INDEPENDENT | § | IN THE DISTRICT COURT |
| EXECUTOR OF THE ESTATE OF | § | |
| LAVERNA FLENGE, CARL DEAN | § | |
| FLENTGE, DAVID FLENTGE | § | |
| AND DANIEL JUNEK, INDEPENDENT | § | |
| EXECUTOR OF THE ESTATE OF | § | |
| WILLIE OTTO FLENTGE, SR, | § | |
| INDIVIDUALLY, AND AS | § | |
| SHAREHOLDERS AND ON BEHALF | § | |
| W.L. RANCH, INC. | § | |
| Plaintiffs, | § | |
| vs. | § | OF BURLESON COUNTY, TEXAS |
| | § | |
| MARY FLENTGE MCAULEY, | § | |
| WILLIE O. FLENTGE, JR AND | § | |
| CHARLES RAY FLENTGE | § | |
| | § | |
| Defendants. | § | 21st JUDICIAL DISTRICT |

## CHARGE OF THE COURT

LADIES AND GENTLEMEN OF THE JURY:

After the closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason. I will give you a number where others may contact you in case of emergency.

1

Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the bailiff when you are not deliberating. The bailiff will give your notes to me promptly after collecting them from you. I will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, the bailiff will collect your notes. When you are released from jury duty, the bailiff will promptly destroy your notes so that nobody can read what you wrote.

Here are the instructions for answering the questions:

1. Do not let bias, prejudice, or sympathy play any part in your decision.

2. Base your answers only on the evidence admitted in court and on the law that is these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

3. You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

4. If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5. All the questions and answers are important. No one should say that any question or answer is not important.

6. Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer

2

must be based on a preponderance of the evidence, unless you are told otherwise. Whenever a question requires an answer other than "yes" or "no," your answer must be based upon a preponderance of the evidence, unless you are told otherwise.

The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

7.  Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

8.  Do not answer questions by drawing straws or by any method of chance.

9.  Some questions might ask you for a dollar amount. Do not agree in advance to decide on a dollar amount by adding up each juror's amount and then figuring the average.

10. Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

11. Unless otherwise instructed, the answers to the questions must be based on the decision of at least 10 of the 12 jurors. The same 10 jurors must agree on every answer. Do not agree to be bound by a vote of anything less than 10 jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, you will be guilty of juror misconduct, and I might have to order a new trial and start this process over again. This would

3

waste your time and the parties' money, and would require the taxpayers of this county to pay for another trial. If a juror breaks any of these rules, tell the person to stop and report it to me immediately.

4

VOL. A211 PAGE 409

273

**Presiding Juror:**

1.  When you go into the jury room to answer the questions, the first thing you will need to do is choose a presiding juror.

2.  The presiding juror has these duties:

    a.  have the complete charge read aloud if it will be helpful to your deliberations;

    b.  preside over your deliberations, meaning manage the discussions and see that you follow these instructions;

    c.  give written questions or comments to the bailiff who will give them to the judge;

    d.  write down the answers you agree on;

    e.  get the signatures for the verdict certificate; and

    f.  notify the bailiff that you have reached a verdict.

    Do you understand the duties of the presiding juror. If you do not, please tell me now.

5

274

**Instructions for Signing the Verdict Certificate:**

1.  Unless otherwise instructed, you may answer the questions on a vote of 10 jurors. The same 10 jurors must agree on every answers in the charge. This means you may not have one group of 10 jurors agree on one answer and a different group of 10 jurors agree on another answer.

2.  If 10 jurors agree on every answer, those 10 jurors sign the verdict.

    If 11 jurors agree on every answer, those 11 jurors sign the verdict.

    If all 12 of you agree on every answer, you are unanimous and only the presiding juror signs the verdict.

3.  All jurors should deliberate on every question. You may end up with all 12 of you agreeing on some answers, while only 10 or 11 of you agree on other answers. But when you sign the verdict, only those 10 who agree on every answer will sign the verdict.


Do you understand these instructions? If you do not, please tell me now.

JUDGE PRESIDING

FILED 10:06 am
DATE 2-6-2015
Dana Fritsche
District Clerk, Burleson County
By Dana Fritsche

6

VOL. A211 PAGE 411

## QUESTION 1

What is a reasonable fee for necessary services of the attorneys for Carl Dean Flentge, Independent Executor of the Estate of LaVerna Flentge, Carl Dean Flenge, David Flentge, and Daniel Junek, Independent Executor of the Estate of Willie Otto Flentge, Sr., and as shareholders and on behalf of W.L. Ranch, Inc. solely related to the declaratory judgment claims and issues decided by the Court, stated in dollars and cents?

Answer with an amount for each of the following:

1. For representation in the trial court and on the mandamus action in the court of appeals.

   Answer: $ _92,644.32_

2. For representation through appeal to the court of appeals.

   Answer: $ _25,000.00_

3. For representation at the petition for review state in the Supreme Court of Texas.

   Answer: $ _5,000.00_

4. For representation at the merits briefing state in the Supreme Court of Texas.

   Answer: $ _10,000.00_

You should consider the following factors that are relevant to the declaratory judgment issues and claims in determining a reasonable fee.

1. The time and labor required, the novelty and difficult of the questions involved and the skill required to perform the legal services properly.

2. The likelihood that he acceptance of a particular employment will preclude other employment by the lawyer.

3. The fee customarily charged in the locality for similar legal services.

7

VOL. A211 PAGE 412

4. The amount involved and the results obtained.

5. The time limitation imposed by the client or by the circumstances.

6. The nature and length of the professional relationship with the client.

7. The experience, reputation, and ability of the lawyer or lawyer performing the services.

8. Whether the fee is fixed or contingent on the results obtained or uncertainty of collection before the legal services.

8

277

## Verdict Certificate

Check one:

_____    Our verdict is unanimous. All 12 have agreed to each and every answer. The

presiding juror has signed the certificate for all 12 of us.

_Joyce Yvonne Branson_                         _Joyce Yvonne BRANSON_
Signature of Presiding Juror                   Printed Name of Presiding Juror

____✓____   Our verdict is not unanimous. Eleven of us have agreed to each and every answer

and have signed the certificate below.

_____    Our verdict is not unanimous. Ten of us have agreed to each and every answer

and have signed the certificate below.

| SIGNATURE | NAME PRINTED |
|---|---|
| 1. Joyce Yvonne Branson | Joyce Yvonne BRANSON |
| 2. | Scott Cummings |
| 3. Charles Koudelka | CHARLES KOUDELKA |
| 4. Helen Horsley | Helen Horsley |
| 5. Karen Green | Karen Green |
| 6. Ronald Phillips | RONALD Phillips |
| 7. | KATHRYN Winn |
| 8. Tracey Cavin | Tracey Cavin |
| 9. Erin Supak | Erin Supak |
| 10. Sharon Lemon | Sharon Lemon |
| 11. Katharine Fraser | KATHARINE FRASER |

FILED 11:59 am
DATE 2-6-2015   9
Dana Fritsche
District Clerk, Burleson County
By: _____

VOL A211 PAGE 414

278

\*3 The text of any statute on which the argument is based, *Tex.Bus.Org.Code* (C.R. 308, 317, 287, 289-90)

prima facie evidence of the existence or nonexistence of the facts stated in the certificate.

(d) Subject to any qualification stated in the certificate, a certificate issued by the secretary of state stating that a domestic filing entity is in existence may be relied on as conclusive evidence of the entity's existence.

(e) Subject to any qualification stated in the certificate, a certificate issued by the secretary of state stating that a foreign filing entity is in existence or registered may be relied on as conclusive evidence that the foreign filing entity is registered and authorized to transact business in this state.

Acts 2003, 78th Leg., ch. 182, Sec. 1, eff. Jan. 1, 2006. Amended by:
Acts 2009, 81st Leg., R.S., Ch. 84 (S.B. 1442), Sec. 5, eff. September 1, 2009.


Sec. 4.006. FORMS ADOPTED BY SECRETARY OF STATE. (a) The secretary of state may adopt forms for a filing instrument or a report authorized or required by this code to be filed with the secretary of state.

(b) A person is not required to use a form adopted by the secretary of state unless this code expressly requires use of that form.

Acts 2003, 78th Leg., ch. 182, Sec. 1, eff. Jan. 1, 2006.


Sec. 4.007. LIABILITY FOR FALSE FILING INSTRUMENTS. (a) A person may recover damages, court costs, and reasonable attorney's fees if the person incurs a loss and:

(1) the loss is caused by a:

(A) forged filing instrument; or

(B) filed filing instrument that constitutes an offense under Section 4.008; or

(2) the person reasonably relies on:

(A) a false statement of material fact in a filed filing instrument; or

(B) the omission in a filed filing instrument of a material fact required by this code to be included in the instrument.

(b) A person may recover under Subsection (a) from:

(1) each person who forged the forged filing instrument or signed the filing instrument and knew when the instrument was signed of the false statement or omission;

(2) any managerial official of the entity who directed the signing and filing of the filing instrument who knew or should have known when the instrument was signed or filed of the false statement or omission; or

(3) the entity that authorizes the filing of the filing instrument.

Acts 2003, 78th Leg., ch. 182, Sec. 1, eff. Jan. 1, 2006.


Sec. 4.008. OFFENSE; PENALTY. (a) A person commits an offense if the person signs or directs the filing of a filing instrument that the person knows is materially false with intent that the filing instrument be delivered on behalf of an entity to the secretary of state for filing.

(b) An offense under this section is a Class A misdemeanor unless the actor's intent is to defraud or harm another, in which event the offense is a state jail felony.

Acts 2003, 78th Leg., ch. 182, Sec. 1, eff. Jan. 1, 2006.


Sec. 4.009. FILINGS BY REAL ESTATE INVESTMENT TRUST. (a) A filing instrument relating to a domestic real estate investment trust must be filed with the county clerk of the county in which the domestic real estate investment trust's principal place of business is located.

(b) Subject to other state law governing the requirements for filing instruments with a county clerk, this chapter applies to a filing by a domestic real estate investment trust, except that in relation to such a filing a reference in this chapter to the secretary of state is considered to be a reference to the county clerk of the county in which the domestic real estate investment trust's principal place of business is located.

BUSINESS ORGANIZATIONS CODE

TITLE 2. CORPORATIONS

CHAPTER 20. GENERAL PROVISIONS

This section was amended by the 84th Legislature. Pending publication of the current statutes, see S.B. 860, 84th Legislature, Regular Session, for amendments affecting this section.

Sec. 20.001. REQUIREMENT THAT FILING INSTRUMENT BE SIGNED BY OFFICER. Unless otherwise provided by this title, a filing instrument of a corporation must be signed by an officer of the corporation.

Acts 2003, 78th Leg., ch. 182, Sec. 1, eff. Jan. 1, 2006.


Sec. 20.002. ULTRA VIRES ACTS. (a) Lack of capacity of a corporation may not be the basis of any claim or defense at law or in equity.

(b) An act of a corporation or a transfer of property by or to a corporation is not invalid because the act or transfer was:

(1) beyond the scope of the purpose or purposes of the corporation as expressed in the corporation's certificate of formation; or

(2) inconsistent with a limitation on the authority of an officer or director to exercise a statutory power of the corporation, as that limitation is expressed in the corporation's certificate of formation.

(c) The fact that an act or transfer is beyond the scope of the expressed purpose or purposes of the corporation or is inconsistent with an expressed limitation on the authority of an officer or director may be asserted in a proceeding:

(1) by a shareholder or member against the corporation to enjoin the performance of an act or the transfer of property by or to the corporation;

(2) by the corporation, acting directly or through a receiver, trustee, or other legal representative, or through members

in a representative suit, against an officer or director or former officer or director of the corporation for exceeding that person's authority;  or

       (3)  by the attorney general to:

          (A)  terminate the corporation;

          (B)  enjoin the corporation from performing an unauthorized act;  or

          (C)  enforce divestment of real property acquired or held contrary to the laws of this state.

    (d)  If the unauthorized act or transfer sought to be enjoined under Subsection (c)(1) is being or is to be performed or made under a contract to which the corporation is a party and if each party to the contract is a party to the proceeding, the court may set aside and enjoin the performance of the contract.  The court may award to the corporation or to another party to the contract, as appropriate, compensation for loss or damage resulting from the action of the court in setting aside and enjoining the performance of the contract, excluding loss of anticipated profits.

Acts 2003, 78th Leg., ch. 182, Sec. 1, eff. Jan. 1, 2006.

(ii) the board, by resolution adopted not later than the 60th day after the date of issuance of those shares, has allocated to surplus; and

(C) an amount not included in Paragraphs (A) and (B) that has been transferred to stated capital of the corporation, on the payment of a share dividend or on adoption by the board of directors of a resolution directing that all or part of surplus be transferred to stated capital, minus each reduction made as permitted by law.

(12) "Surplus" means the amount by which the net assets of a corporation exceed the stated capital of the corporation.

(13) "Treasury shares" means shares of a corporation that have been issued, and subsequently acquired by the corporation, that belong to the corporation and that have not been canceled. The term does not include shares held by a corporation in a fiduciary capacity, whether directly or through a trust or similar arrangement.

Acts 2003, 78th Leg., ch. 182, Sec. 1, eff. Jan. 1, 2006.


SUBCHAPTER B. FORMATION AND GOVERNING DOCUMENTS

Sec. 21.051. NO PROPERTY RIGHT IN CERTIFICATE OF FORMATION. A shareholder of a corporation does not have a vested property right resulting from the certificate of formation, including a provision in the certificate of formation relating to the management, control, capital structure, dividend entitlement, purpose, or duration of the corporation.

Acts 2003, 78th Leg., ch. 182, Sec. 1, eff. Jan. 1, 2006.


This section was amended by the 84th Legislature. Pending publication of the current statutes, see S.B. 860, 84th Legislature, Regular Session, for amendments affecting this section.

Sec. 21.052. PROCEDURES TO ADOPT AMENDMENT TO CERTIFICATE OF FORMATION. (a) To adopt an amendment to the certificate of formation of a corporation as provided by Subchapter B, Chapter 3, the board of directors of the corporation shall:

(1) adopt a resolution stating the proposed amendment; and

(2) follow the procedures prescribed by Sections 21.053-21.055.

(b) The resolution may incorporate the proposed amendment in a restated certificate of formation that complies with Section 3.059.

(b-1) The resolution may provide that at any time before the filing of a certificate of amendment takes effect as provided by Subchapter B, Chapter 3, the board of directors may abandon the proposed amendment to the certificate of formation without further action by the shareholders of the corporation, notwithstanding authorization of the proposed amendment by the shareholders.

(c) The certificate of amendment must be filed in accordance with Chapter 4 and takes effect as provided by Subchapter B, Chapter 3.

Acts 2003, 78th Leg., ch. 182, Sec. 1, eff. Jan. 1, 2006.
Amended by:
    Acts 2005, 79th Leg., Ch. 64 (H.B. 1319), Sec. 43, eff. January 1, 2006.


This section was amended by the 84th Legislature. Pending publication of the current statutes, see S.B. 860, 84th Legislature, Regular Session, for amendments affecting this section.

Sec. 21.053. ADOPTION OF AMENDMENT BY BOARD OF DIRECTORS. (a) If a corporation does not have any issued and outstanding shares, the board of directors may adopt a proposed amendment to the corporation's certificate of formation by resolution without shareholder approval.

(b) Notwithstanding Section 21.054, the board of directors may adopt a proposed amendment without shareholder approval in the manner provided by Section 21.155 if the amendment to the corporation's certificate of formation relates to a series of shares established by the board under authority granted to the board in the certificate of formation as provided by Section 21.155.

Acts 2003, 78th Leg., ch. 182, Sec. 1, eff. Jan. 1, 2006.
Amended by:
    Acts 2005, 79th Leg., Ch. 64 (H.B. 1319), Sec. 44, eff. January 1, 2006.

(b) The court shall direct that notice be given to the affected shareholders if the court determines that a proposed discontinuance or settlement may substantially affect the interests of other shareholders.

Acts 2003, 78th Leg., ch. 182, Sec. 1, eff. Jan. 1, 2006.


Sec. 21.561. PAYMENT OF EXPENSES. (a) In this section, "expenses" means reasonable expenses incurred by a party in a derivative proceeding, including:
(1) attorney's fees;
(2) costs in pursuing an investigation of the matter that was the subject of the derivative proceeding; or
(3) expenses for which the domestic or foreign corporation or a corporate defendant may be required to indemnify another person.
(b) On termination of a derivative proceeding, the court may order:
(1) the domestic or foreign corporation to pay the expenses the plaintiff incurred in the proceeding if the court finds the proceeding has resulted in a substantial benefit to the domestic or foreign corporation;
(2) the plaintiff to pay the expenses the domestic or foreign corporation or other defendant incurred in investigating and defending the proceeding if the court finds the proceeding has been instituted or maintained without reasonable cause or for an improper purpose; or
(3) a party to pay the expenses incurred by another party relating to the filing of a pleading, motion, or other paper if the court finds the pleading, motion, or other paper:
(A) was not well grounded in fact after reasonable inquiry;
(B) was not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; or
(C) was interposed for an improper purpose, such as to harass, cause unnecessary delay, or cause a needless increase in the cost of litigation.

Acts 2003, 78th Leg., ch. 182, Sec. 1, eff. Jan. 1, 2006.

Sec. 21.562.  APPLICATION TO FOREIGN CORPORATIONS.  (a)  In a derivative proceeding brought in the right of a foreign corporation, the matters covered by this subchapter are governed by the laws of the jurisdiction of incorporation of the foreign corporation, except for Sections 21.555, 21.560, and 21.561, which are procedural provisions and do not relate to the internal affairs of the foreign corporation.

(b)  In the case of matters relating to a foreign corporation under Section 21.554, a reference to a person or group of persons described by that section refers to a person or group entitled under the laws of the jurisdiction of incorporation of the foreign corporation to review and dispose of a derivative proceeding.  The standard of review of a decision made by the person or group to dismiss the derivative proceeding shall be governed by the laws of the jurisdiction of incorporation of the foreign corporation.

Acts 2003, 78th Leg., ch. 182, Sec. 1, eff. Jan. 1, 2006.


Sec. 21.563.  CLOSELY HELD CORPORATION.  (a)  In this section, "closely held corporation" means a corporation that has:

(1)  fewer than 35 shareholders;  and

(2)  no shares listed on a national securities exchange or regularly quoted in an over-the-counter market by one or more members of a national securities association.

(b)  Sections 21.552-21.559 do not apply to a closely held corporation.

(c)  If justice requires:

(1)  a derivative proceeding brought by a shareholder of a closely held corporation may be treated by a court as a direct action brought by the shareholder for the shareholder's own benefit; and

(2)  a recovery in a direct or derivative proceeding by a shareholder may be paid directly to the plaintiff or to the corporation if necessary to protect the interests of creditors or other shareholders of the corporation.

Acts 2003, 78th Leg., ch. 182, Sec. 1, eff. Jan. 1, 2006.
Amended by:

*4 Plaintiffs' motion for partial new trial and order on their Breach of Fiduciary Duty Claim, Pursuant to the Rule 320, Texas Rules of Civil Procedure and Order (C.R. 283-294, 299)

| CARL DEAN FLENTGE, INDEPENDENT | § | IN THE DISTRICT COURT |
| EXECUTOR OF THE ESTATE OF | § | |
| LAVERNA FLENGE, CARL DEAN | § | |
| FLENTGE, DAVID FLENTGE | § | |
| AND DANIEL JUNEK, INDEPENDENT | § | |
| EXECUTOR OF THE ESTATE OF | § | |
| WILLIE OTTO FLENTGE, SR, | § | |
| INDIVIDUALLY, AND AS | § | |
| SHAREHOLDERS AND ON BEHALF | § | |
| W.L. RANCH, INC. | § | |
| Plaintiffs, | § | |
| vs. | § | OF BURLESON COUNTY, TEXAS |
| | § | |
| MARY FLENTGE MCAULEY, | § | |
| WILLIE O. FLENTGE, JR AND | § | |
| CHARLES RAY FLENTGE | § | |
| | § | |
| Defendants. | § | 21st JUDICIAL DISTRICT |

### PLAINTIFFS' MOTION FOR PARTIAL NEW TRIAL ON THEIR BREACH OF FIDUCIARY DUTIES CLAIM, PURSUANT TO RULE 320, TEXAS RULES CIVIL PROCEDURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW the Plaintiffs and file this their Plaintiff's Motion for Partial New Trial on Their Breach of Fiduciary Duties Claim, Pursuant to Rule 320, *Texas Rules of Civil Procedure* and for good cause would show unto the court as follows.

### A. BACKGROUND

1. This case was tried on February 2-6, 2015. The Plaintiffs rested their case on February 5, 2015, whereupon the Defendants filed a written Defendants' Motion for Directed Verdict on Plaintiffs Claim for Breach of Fiduciary Duties. Specifically, Defendants then argued that there was no fact issue regarding any Plaintiff sustaining actual damages from any alleged breach of fiduciary duties by Defendants. Defendants further argued that there was no evidence indicating

FILED 2:30 PM
DATE 4.1.15
Dana Fritsche
District Clerk, Burleson County
By _____

1

283

that Plaintiffs either suffered an injury or damages. Defendants further argued that attorney's fees are not recoverable for breach of fiduciary duties in that same is a tort not allowing such.

2. On February 6, 2015, after oral argument, the court granted the motion for direct verdict based upon breach of fiduciary duties and removed that recovery and the associated attorney's fee claim from the case.

3. The remainder of the case consisting of a question on reasonable and necessary attorney's fees incurred by the individual Plaintiffs solely related to the partial summary declaratory judgments, previously granted by the court, was submitted to the jury who returned a verdict on February 6, 2015.

4. The Court has now entered a Final Judgment on that issue. In the Motion for Judgment on the Verdict Plaintiffs expressly reserved their appellate rights on the directed verdict on the breach of fiduciary duty and associated attorney's fees and costs claims that the court granted a directed verdict upon.

**B. ARGUMENT AND AUTHORITIES**

5. Rule 320, *Tex. R. Civ. P.*, permits the trial court to grant a new trial on part of the case under the conditions that the matter is clearly separable, not unfair, and that the damages are liquidated or unliquidated and liability is not in dispute.

6. In this case the W.L. Ranch, Inc.'s (corporation) claim for breach of fiduciary duties by it's officers Mary Flentge McAuley, Willie O. Flentge Jr. and Charles Ray Flentge and alleged directors, Mary Felntge McAuley and Charles Ray Flentge, is clearly separable from the Plaintiffs claims for declaratory judgments and associated attorney's fees solely related to those partial summary judgments and related mandamus proceeding. Further, the matter is separable without unfairness to the parties. Indeed, at the trial Plaintiffs attorney's fees on the summary declaratory

2

judgments were segregated from the gross attorney's fees attributable to the breach of fiduciary duty claims in order to prevent a double recovery. Finally, reasonable costs and expenses in the form of attorney's fees and expenses of the corporate derivative action are liquidated and not open to speculation.

7. To prove an action for breach of fiduciary duties, the Plaintiff must establish that the Defendant's breach resulted in an injury to Plaintiff or a benefit to the Defendant *Priddy v. Rawson* 282 S.W. 3d 588, 599 (Tex. App. – Houston [14th Dist.] 2009, pet den.); *Kelly v. Grimes*, 181 S.W. 3d 394, 414 (Tex. App.-Waco 2005). It is not necessary for the Plaintiff to prove *injury* to prevail on a claim for breach of fiduciary duty. *Kinzbach Tool Co. Inc. v. Corbett-Wallace Corp*, 160 S.W. 2d 509, 514 (Tex.1942); *Upchurch v. Albear*, 5 S.W. 3d 274,283 (Tex. App.-Armarillo 1999, pet denied). Even if Plaintiff sustains no loss from Defendant's breach of fiduciary duty, the Defendant cannot retain any benefits it acquired from the breach *Kinzbach Tool Co. Inc.*, 160 S.W. 2d at 514. It is the agent's disloyalty, not any resulting harm, that violates the fiduciary relationship. *Burrow v. Arce* 997 S.W. 2d 229, 238 (Tex. 1999).

8. This precise issue on no injury/damages was long ago decided by the Supreme Court of Texas in the *Kinzbach Tool Co, Inc.* case, supra, at 573-574.

> [5][6]... It would be a dangerous precedent for us to say that unless some affirmative loss can be shown, the person who has violated his fiduciary relationship with another may.... hold on to any secret gain or benefit he may have therefore acquired. It is the law that in such instances if the fiduciary takes any gift, gratuity, or benefit in violation of his duty, or acquires any interest adverse to the principal, without full disclosure, it is a betrayal of his trust and a breach of confidence, and he must account to his principal for all he has received.

9. It is undisputed in this case that all three Defendants were corporate offices at all relevant times of W.L. Ranch, Inc. Two of the Defendants, Mary Flentge McAuley and Charles Ray Flentge, claim they were elected as directors of W.L. Ranch, Inc. on September 16, 2007 and again

3

on November 20, 2010. It is undisputed that both officers and directors of the corporation owe fiduciary duties to the corporation W.L. Ranch, Inc. *Ritchie v. Rupe*, 443 S.W. 3d 856, 876 (Tex. 2014). Directors, or *those acing as directors* owe a fiduciary duty to the corporation in their *directorial actions* and this duty includes the dedication of their uncorrupted business judgment for the sole benefit of the corporation *Int'l Bankers Life Ins. Co. v. Holloway*, 368 S.W. 2d 567, 577 (Tex. 1963); *Ritchie v. Rupe* at 868. Corporate offices and directors owe the corporation and their collective shareholders a duty to act only in their best interests.

### (i) Defendants Benefited by Acquiring Interests Adverse to the Corporation Without Full Disclosure to the Collective Interests of the Corporation

10.     In this case there is evidence in the trial record that:

(a) Defendants Charles Ray Flentge and/or Willie O. Flentge,Sr., as officers and at least one alleged director, misappropriated corporate property from the farm. – This was a benefit for these Defendant officers and directors and a detriment to the corporation W.L. Ranch, Inc., without full disclosure.

(b) Defendant Mary Flentge McAuley, acting as a secretary (officer) and alleged director, designated herself, without disclosure or vote of the corporation, as the corporate registered agent with the Secretary of State, public information documents of the state, on new articles of amendment filed with the Secretary of State, on a separate bank account opened up for W.L. Ranch, Inc. in Dripping Springs, Texas and on letters sent to Clayton Williams Energy, Inc. in an attempt to divert corporate royalty funds to all three Defendants, without disclosure to the corporation and all the shareholders collectively. These were acquired benefits by Defendant McAuley to deal with Clayton Williams concerning royalties being paid. She acquired these benefits adverse to the principle, W. L Ranch, Inc..

(c) Defendants Mary Flentge McAuley, Willie O. Flentge, Jr. and Charles Ray Flentge executed

4

an amended deed of conveyance and filed it in the deed records of Burleson County increasing their interest to 20% from 14% in oil royalties due to W.L. Ranch, Inc. on the Ayres Jackson well, thereby squeezing out the interest of Willie O. Flentge, Sr.'s estate and LaVerna Flentge to their *benefit,* without disclosure, even though they knew of Will bequests of these other shares.

(d) Defendant Willie Otto Flentge Jr. and Mary Flentge McAuley, acting as purported directors and as officers of W.L Ranch, Inc., with the help of attorney Richard Moore, changed corporate minutes, amended articles of incorporation and By-Laws of W.L. Ranch Inc. and a corporate address, to reflect Mary Flentge McAuley and Charles Ray Flentge as two of three directors in order to take control of corporate funds and divert those from being delivered to the old corporate address and deprive Carl Flenge, LaVerna Flentge, David Flentge and W.L. Ranch, Inc. of the delivery of those funds. This was a benefit to these Defendants and not the corporate whole. It is definitely acquiring an interest, as directors, to assume management of the corporation, without full disclosure and a betrayal of trust to the corporation. Acquiring a positon of management of the corporation by breach of fiduciary duties was a benefit to these Defendants. Indeed, in this case the corporation and shareholder, LaVerna Flentge sought and obtained injunctive relief to prevent such further benefits to the Defendants from being unlawfully acquired. The court erred in denying the admission of the Affidavit of LaVerna Flentge into evidence as admissible evidence on these benefits to the Defendants and this suit as a substantial benefit to the corporation (p-1).

11. The By-Laws and the *Tex. Bus. Org. C.* rest the management of the corporation W.L. Ranch, Inc. in the hands of the directors and officers. Under *Bus Org. C.* §20.002(c)(2) the corporation acting directly or through it's members in a representative suit may assert that such acts of officers and directors are beyond the express purpose of the corporation or inconsistent with the authority of an officer or director *against* an officer or director for exceeding that authority

5

(such claim can be made by way of breach of fiduciary duties) *Ritchie v. Rupe*, supra. (no common law cause of action for shareholders oppression)

12. Because of these and other benefits acquired by the Defendants at the expense of the corporation, the Court erred in granting Defendants' Motion for Directed Verdict on the Breach of Fiduciary Duty Claims of the corporation in this derivative lawsuit. Plaintiffs believe the Court granted the motion because it believed that the Plaintiffs had not shown "damages" to the corporation. Such is not the law. Benefits to Defendants in the form set out above under the *Kinzbach Tool Co., Inc.* case, supra, are sufficient . There is competent evidence on every one of these *benefits*, as well as the elements of the breach. The granting of the directed verdict was against the great weight and preponderance of the evidence in this regard. Further, Defendeants presented no evidence that any of their actions were fair and equitable to W.L. Ranch, Inc.

**(ii) Burden of Proof and Persuasion is upon Defendants and not Plaintiffs. The Court Improperly placed the Burden on the Plaintiffs in Granting to Directed Verdict on Breach of Fiduciary Duties**

13. When the Defendants, as fiduciaries in their capacity as officers and Defendants McAuley and Charles Ray Flentge, as alleged directors, benefited from transactions involving W.L. Ranch, Inc. a rebuttable presumption of unfairness arose that shifted the burden of producing evidence and the burden of persuasion to the fiduciary Defendants to show that the transactions were fair and equitable to the corporation and all of it's interests collectively. *Keck, Mahin & Cate v. National Union Fire Insurance Company of Pittsburg*, 20 S.W. 3d 692, 699 (Tex. 2000); *Texas Bank & Trust Co. v. Moore*, 595 S.W. 2d 502, 509 (Tex. 1980); *Archer v. Griffith*, 390 S.W. 2d 735,739 (Tex. 1964); *Sorrell v. Elsey*, 748 S.W. 2d 584,586 (Tex. App-San Antonio 1988, writ denied); *Miller v. Miller*, 700 S.W. 2d 941, 945-946 (Tex. App-Dallas 1985, writ fef'd n.r. e.); *Gum v. Schaefer*, 683 S.W. 2d 803,806 (Tex. App. –Corpus Christi 1984, no writ*); Fillion v. Troy,*

6

656 S.W. 2d 912, 914 (Tex. App.-Houston [1st Dist.] 1983, writ ref'd n.r.e.)

14.     In this case, once the Defendants in their roles and officers and purported directors, appropriated property and assumed the management positions (which was undisputed) the Defendants had burden of producing evidence that all of their transactions were fair and equitable to W.L. Ranch, Inc. Defendants offered no evidence to show that they did not breach their fiduciary duties or gain any such benefits. Plaintiff had no burden of producing evidence to show this. The Court erred in granting a directed verdict for Defendants because same misplaced the burden of producing evidence upon Plaintiffs. There was no evidence or the evidence was factually insufficient in order for the Court to grant a directed verdict to Defendants. Indeed, the Defendants rested without putting on any evidence that their actions were fair and equitable to W.L. Ranch, Inc. and all of it's interests collectively.

**(iii) The Erroneous Granting of the Directed Verdict Deprived the W.L. Ranch, Inc. and the Individual Plaintiffs from Seeking Reasonable Expenses, Consisting of Attorney's Fees and Costs in Equity under the Common Fund Doctrine and Statutorily under Bus. Org. C. §21.561**

15.     Under the common fund theory with regard to shareholder derivative suits, the corporation is treated as a representative of the group and the domestic corporation may be required to pay reasonable costs and attorney's fees in equity incurred during the litigation. The Texas Supreme Court has adopted the common fund doctrine, but expressly held that the winning Plaintiff's attorney's fees and costs depend on a finding of a substantial benefit to the corporation. In order to recover in an equitable action, the Plaintiffs must prove that its actions created an actual benefit to the corporation or the shareholders collectively. The rule is that a successful suit or proceeding should be for the protection, preservation or increase of a common fund. *Knebel v. Capital National Bank in Austin* 518 S.W. 2d 795, 799-802 (Tex. 1975)

7

*16.* The *Bus Org. C.* has codified the common fund doctrine in section 21.561(a) and (b)(1) which defines reasonable expenses incurred by a party in a derivative proceeding to include attorney's fees and costs and that upon *termination* of a derivative proceeding, the court may order the domestic corporation to pay expenses to the Plaintiffs incurred in the proceeding *if the court finds the proceeding has resulted in a substantial benefit to the domestic corporation.*

17. The determination in either the common law version of the common fund doctrine or the statutory version is linked to successful litigation by Plaintiffs and a substantial benefit to the corporation. A finding of Defendants breach of fiduciary duty, corresponding benefits to the Defendants and the success of this action to preserve the corporate property and rectify the breaches of fiduciary duties is a basis for the court to find a substantial benefit to the corporation. Said another way, without a finding that Defendants breached their fiduciary duties and received benefits to themselves, there is no basis that Plaintiffs claim of breach and restoring the corporation to a position for the common good of all shareholders from the breach that substantially benefits the corporation, W.L Ranch, Inc. In this case Plaintiffs sought and obtained injunctive relief to preserve the assets of the corporation collectively, defeated squeeze out positons of Defendants, obtained the appointment of a temporary custodian and defeated many attempts by Defendants to reduce the corporate shares, all for a substantial benefit to the corporation, W.L. Ranch, Inc.

18. Accordingly, the courts erroneous grant of a directed verdict on the breach of fiduciary duty claim has deprived the Plaintiffs of the right to prove that their actions in seeking a finding from the court that the breaches were a resulting basis for a substantial benefit to the corporation, and is against the great weight and preponderance of the evidence. Further, there is no evidence or insufficient evidence supporting the directed verdict grant.

19. Finally, for the substantial benefit of the corporation, if justice requires, the court may treat

8

a close corporation derivative proceeding (as in this case) as a direct action brought by a shareholder and the recovery may be paid directly to the shareholder under section 21.563(c) *Bus. Org. C.*, but this pre-supposes that the Court finds the proceeding has resulted in a substantial benefit to the corporation W.L. Ranch, Inc.,which is premised upon Defendants breach of fiduciary duties and benefits accruing to Defendants. The erroneous directed verdict destroyed this premise and was against the great weight and preponderance of the evidence.

## CONCLUSION

20.    The court should grant a new trial on the breach of fiduciary duty claim only under Rule 320, *Tex. R. Civ. P.* because that part affects only part of the matters in controversy and that part is clearly separable from the declaratory judgment matters without unfairness to the parties. More specifically, the Court should grant a new trial on the issue of breach of fiduciary duties that resulted in benefits to Defendants because the directed verdict the court granted misplaced the burden of proof, was against the great weight and preponderance of the evidence and was a basis for Plaintiffs claims for equitable and statutory expenses, including attorney's fees and costs, in order to show the Plaintiffs actions resulted in substantial benefit to the corporation.

## PRAYER

21.    For these reasons, and in the interest of justice and fairness, Plaintiffs ask the Court to grant a new trial and relitigate the case on the issue of breach of fiduciary duties, resulting benefits to Defendants and equitable and statutory expenses, including attorney's fees and costs relating to Plaintiffs actions in response to the breach of fiduciary duties that resulted in a substantial benefit to W.L. Ranch, Inc.

9

Respectfully submitted,

_(signature)_

Wayne H. Paris
State Bar No. 15462000
Paris Law Group, P.L.L.C.
Two Riverway, Suite 1080
Houston, Texas 77056
Telephone: (713) 951-9100
Facsimile: (713) 961-3082
E-mail: waynehparis@yahoo.com
*Attorney for Plaintiffs Carl DeanFlentge, and David Flentge, individually and on behalf of Plaintiff, W. L. Ranch, Inc.*

_(signature)_ by permission WHP

Laura Upchurch
State Bar No. 00785131
Moorman, Tate, Urquhart, Haley, Upchurch & Yates
207 East Main Street
Brenham, Texas 77833
Telephone: (979) 836-5664
Facsimile: (979) 830-0913
E-mail: upchurch@moormantate.com
*Attorney for Plaintiff Carl Dean Flentge, Independent Executor of the Estate of LaVerna Flentge and on behalf of Plaintiff, W.L. Ranch, Inc.*

_(signature)_ by permission WHP

Jeffrey M. Burns
State Bar No. 24054615
Burns & Reyes Burns, P.L.L.C.
17470 Highway 36 South
Somerville, Texas 77879
Telephone: (979) 596-3424
Facsimile: (979) 596-2837
E-mail: Jeff@BRBlawfirm.com
*Attorney for Plaintiff Daniel Junek Independent Executor of the Estate of Willie Otto Flentge, Sr. and on behalf of W.L. Ranch, Inc.*

10

292

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Plaintiff's Motion for Partial New Trial on Their Breach of Fiduciary Duties Claim, Pursuant to Rule 320, Texas Rules of Civil Procedure* has been sent to all interested counsel of record on this the 1st day of April 2015 *via facsimile and/or hand delivery* .

Wayne H. Paris

*Via Facsimile: (832) 201-9117:*
Mr. J. Steven Stewart
5353 West Alabama, Suite 605
Houston, Texas 77056

11

**PJC 104.2**     **Question and Instruction—Breach of Fiduciary Duty Defined by Common Law—Burden on Fiduciary**

QUESTION _____

Did *Don Davis* comply with *his* fiduciary duty to *Paul Payne*?

[*Because a relationship of trust and confidence existed between them,*] [*As Paul Payne's attorney,*] [*As Paul Payne's agent,*] *Don Davis* owed *Paul Payne* a fiduciary duty. To prove *he* complied with *his* duty, *Don Davis* must show—

   1.   the transaction[*s*] in question [*was/were*] fair and equitable to *Paul Payne*; and

   2.   *Don Davis* made reasonable use of the confidence that *Paul Payne* placed in *him*; and

   3.   *Don Davis* acted in the utmost good faith and exercised the most scrupulous honesty toward *Paul Payne*; and

   4.   *Don Davis* placed the interests of *Paul Payne* before *his* own and did not use the advantage of *his* position to gain any benefit for *himself* at the expense of *Paul Payne*; and

   5.   *Don Davis* fully and fairly disclosed all important information to *Paul Payne* concerning the transaction[*s*].

Answer "Yes" or "No."

Answer: _____

### COMMENT

**When to use.**   PJC 104.2 submits the question of breach of fiduciary duty defined by the common law, whether the duty is based on a formal or an informal relationship, when the fiduciary bears the burden of proof. The burden of proof is on the fiduciary when the fiduciary has profited or benefited from a transaction with the beneficiary or has placed himself in a position in which his self-interest might conflict with the beneficiary. For cases in which the beneficiary has the burden of proof, see PJC 104.3.

If the fiduciary duty is defined by a statute or contract, see PJC 104.4 or 104.5. If the duty is defined by a trust agreement or the Texas Trust Code (Tex. Prop. Code tit. 9, subtit. B), see the current edition of State Bar of Texas, *Texas Pattern Jury Charges—Family & Probate* PJC 235.9–235.15.



EXHIBIT "A"

PENGAD 800-631-6989

155

NO. 26,704

| | | |
|---|---|---|
| CARL FLENTGE, DAVID FLENGTE AND, DANIEL W. JUNEK, INDEPENDENT EXECUTOR OF THE ESTATE OF WILLIE OTTO FLENTGE, SR., AS SHAREHOLDERS OF AND ON BEHALF OF W.L. RANCH, INC., Plaintiffs, | § § § § § § § § § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § § | |
| MARY FLENTGE MCAULEY, WILLIE O. FLENTGE, JR., AND CHARLES RAY FLENTGE, Defendants. | § § § § | 21ST JUDICIAL DISTRICT |

BURLESON COUNTY, TEXAS

## ORDER

On this day the Court considered the Motion for Partial New Trial on Plaintiffs' Claims of Breach of Fiduciary Duty. The Court finds that the motion should be denied.

**IT IS THEREFORE ORDERED** that the Motion for Partial New Trial on Plaintiff's Claims of Breach of Fiduciary Duty is denied.

SIGNED on April 6TH, 2015.

FILED 1:00 P.M.
DATE 4-6-15
Dana Fritsche
District Clerk, Burleson County,
By Barbie Lewis

JUDGE PRESIDING

1

VOL A213 PAGE 589

299